# McDonald *v.* Berry.

*Petiton by Administrator for Sale of Lands to Pay Debts.*

1. *Exemptions to decedent's family; governed by what law.*—The exemptions in favor of a decedent's widow and children, one or both, are governed, as a general rule, by the law in force at his death.

2. *Statutes increasing exemptions.*—A statute increasing exemptions, either of homestead or personal property, has no operation against debts contracted before its enactment.

3. *Homestead exemption to widow of intestate dying in November, 1873, against debt contracted in 1865.*—As against a debt contracted in 1865, by an intestate who died in November, 1873, there was no homstead exemption in favor of the widow, under either constitutional or statutory provisions; but a homestead having been allotted to her in February, 1876, pending an application by the administrator to have the estate declared insolvent, which vested an absolute estate in her on the subsequent declaration of insolvency, the creditor of 1865 can not afterwards subject the homestead to the payment of his debt, since, though not a nominal party, he was represented by the administrator on the proceedings for the allotment of the homestead.

APPEAL from the Probate Court of Marshall.

Heard before the Hon. THOS. A. STREET.

VOL. XC.

[McDonald v. Berry.]

In the matter of the estate of James Berry, deceased, on the application of A. J. McDonald, as administrator *de bonis non,* for an order to sell lands for the payment of debts. On the hearing, the court refused to grant an order of sale, and dismissed the petition; and this decree is here assigned as. error. The opinion states all the material facts.

LUSK & BELL, for appellant.

O. D. STREET, *contra.*

STONE, C. J.—On September 1, 1865, James Berry executed his bond, or note under seal, payable one day after date, to P. Kilfoyle & Sons, for the sum of one hundred and forty-two dollars and fifty-one cents. On November 25, 1873, James Berry died, being a resident of Marshall county, and owning one hundred and sixty acres of land therein, on which he resided; the land being worth less than two thousand dollars. He left a widow and children surviving him, some of the latter being under age. Having made a will, the same was probated; and on January 12, 1874, administration of his estate, with the will annexed, was committed to the general administrator of the county. The bond to Kilfoyle & Sons was properly presented, or filed as a claim against the estate; was sued on against the administrator, before time had perfected a bar (Code of 1886, §§ 2614, 2632, 2633, notes), and was reduced to judgment in 1877; the amount of the judgment $289.31, besides costs. The estate having been declared insolvent pending the suit, the judgment was ordered to be certified to the Probate Court for *pro rata* allowance.

On December 24, 1875, the widow of James Berry, in her own name and right, made affidavit, and filed it, claiming the whole one hundred and sixty acres of land left by him as an exempt homestead under the act approved April 23, 1873. Sess. Acts, 64. No judicial proceeding, other than after stated, was had on this claim, and no notice was given of it, so far as we are informed. A proceeding was then pending at the suit of the administrator, to obtain an order to sell the lands for the payment of debts, on the ground that there was not sufficient personal property to pay them. All the personal property, being less than $1,000, had been set apart as exempt. On February 28, 1876, said application for an order of sale came up for hearing, when the widow, by her counsel, moved that her homestead exemption be allowed her; and proved that the lands were worth less than $2,000. The court granted her motion, and dismissed the administrator's petition for an

30

[McDonald v. Berry.]

order of sale. On February 14, 1876, the administrator reported the estate insolvent, and on March 15, 1876, it was declared and decreed to be insolvent.

It is not shown that, on the trial mentioned above, Kilfoyle & Sons were represented. The law made no provision that the creditors should have notice. The petition did set forth that there were unpaid debts of the estate, among them that to Kilfoyle & Sons, which were incurred by the decedent before April 23, 1873 ; but no notice is taken of that fact in the decree of the court dismissing the petition. If there had been no debt in existence, which antedated the enactment of the exemption statute of April 23, 1873, it is not perceived that the Probate Court erred in allowing the homestead exemption. *Miller v. Marx*, 55 Ala. 322.

It having been ascertained by the decree aforesaid that there was no property, personal or real, subject to administration, the administration was brought to a settlement, and closed, leaving the debts unpaid.

The widow of James Berry died in 1883, or 1884, and afterwards—January 16, 1885—John C. Kilfoyle, claiming to be the owner of the said debt to Kilfoyle & Sons, procured the appointment of an administrator *de bonis non* on the estate of said James Berry. In his petition to have an administrator appointed, Kilfoyle represented that he was the largest creditor of Berry's estate, and " that the said James Berry left property in this State and county that yet remains unadministered upon." The Probate Court of Marshall county thereupon appointed an administator *de bonis non*, who, ten days afterwards, filed his petition to obtain an order to sell said lands for the payment of debts. It is not perceived that there is any imperfection in the petition, or other proceedings to obtain the order of sale. The Probate Court refused the order, and dismissed the petition, on the ground, we suppose, that the widow's claim of exemption, and its allowance, had placed the lands beyond the reach of creditors, and beyond the power of the administrator to subject them to the payment of debts. From that decision the present appeal is prosecuted.

The following propositions are settled by our decisions :

*First*, when any person dies, leaving a wife, or minor child or children, one or both, surviving him, the exemptions in favor of such surviving wife or children, as a general rule, are determined by the law in force at the time of the death of the husband and father.—*Tayloe v. Taylor*, 53 Ala. 135 ; *Rottenberry v. Pipes, Ib.* 447.

*Second*, a statute which increases exmptions, either of homestead or personal effects, has no operation against debts

contracted before its enactment.—*Ala. Con. v. Vaughan*, 54 Ala. 443; *Wilson v. Brown*, 58 Ala. 62; *Nelson v. McCrary*, 60 Ala. 301; *Blum v. Carter*, 63 Ala. 235; *Cochran v. Miller*, 74 Ala. 50; *Keel v. Larkin*, 72 Ala. 493.

*Third*, the act approved April 23, 1873, repealed all statutes of exemption theretofore in force. It follows that, as to persons dying after that time, and before February 9, 1877, who owed debts contracted before April 23, 1873, there were no exemptions to wife and children secured by statute. The Constitution of 1868, however, secured certain exemptions against debts contracted after it went into effect. Debts contracted before the Constitution of 1868 became binding, were not subject to any exemption claims after the repeal, until the re-enactment, February 9, 1877.—Sess. Acts, 95; Code of 1876, § 2844; *Clark v. Spencer*, 75 Ala. 49; *Giddens v. Williamson*, 65 Ala. 439; *Carlisle v. Godwin*, 68 Ala. 137.

As we have shown, the debt to Kilfoyle was contracted in 1865, and Mr. Berry died in November, 1873. There were, therefore, no exemptions against this debt; that is, the Kilfoyle debt. Such portion of the Henry claim as was contracted before April 23, 1873, is governed by the Constitution of 1868. The balance of it by the act approved April 23, 1873.

When Mrs. Berry's homestead exemption was conceded to her—February 28, 1876—her husband's estate had not been declared insolvent. Her interest, at that stage of the administration, was a life-estate in her, and an estate during minority in her minor child or children. Soon afterwards—March 15, 1876—the estate was decreed insolvent, and this enlarged the homestead estate into a fee, if her homestead claim was otherwise valid.—*Baker v. Keith*, 72 Ala. 121.

We have shown above that Mrs. Berry's claim of homestead exemption was invalid against the Kilfoyle debt. If the true facts had been properly presented on the first application for an order to sell the land, they would have shown the claim of homestead exemption to be unfounded, and no defense to the application. And if the Probate Court had ruled the defense sufficient, the decree would have been reversed in this court on appeal. He sustained the defense, and denied the application for an order of sale; and there was no appeal from his ruling. What effect has that decision, acquiesced in as it was, upon the present application? We may premise that there has been no change in the *status* of the estate, material to the present inquiry, since the decree on the first application was pronounced.

In proceedings to sell lands of a decedent for the payment of debts, the personal representative represents the creditors, and

antagonizes the interest of the heirs.—*Steele v. Steele,* 64 Ala. 438, 455–6; *Wilburn v. McCalley,* 63 Ala. 436; *Calhoun v. Fletcher, Ib.* 574; *Carr v. Shackelford,* 68 Ala. 341. We hold that the *status* of the estate, as affecting the questions raised on each petition, being the same, the ruling made on the first trial, that the homestead claim was valid, is decisive of the right under the second petition, and that the Probate Court did not err in refusing the order of sale.—*Ford v. Ford,* 68 Ala. 141; *McCalley v. Robinson,* 70 Ala. 432.

Affirmed.