# Smith et al. v. Boutwell et al.

*Statutory Action of Ejectment.*

<table>
<tr><td>101</td><td>373</td></tr>
<tr><td>99</td><td>256</td></tr>
<tr><td>101</td><td>373</td></tr>
<tr><td>103</td><td>617</td></tr>
<tr><td>101</td><td>373</td></tr>
<tr><td>115</td><td>347</td></tr>
<tr><td>115</td><td>591</td></tr>
<tr><td>101</td><td>373</td></tr>
<tr><td>119</td><td>417</td></tr>
<tr><td>101</td><td>373</td></tr>
<tr><td>123</td><td>545</td></tr>
<tr><td>124</td><td>301</td></tr>
</table>

1. *Homestead set apart to the widow; her estate therein.*—When a homestead, which does not exceed 160 acres and two thousand dollars in value, has been set apart to the widow as exempt under the act approved February 12, 1885, (Sess. Acts 1884-85, p. 114), she takes an absolute inheritable estate in such homestead.

2. *Proceedings to set apart homestead; objections can not be raised on collateral attack.*—In an action of ejectment, involving the widow's

[Smith et al. v. Boutwell et al.]

title to the homestead, an objection that the record of the proceedings to set apart the homestead to the widow did not show affirmatively that the commissioners appointed were "citizens of good standing," can not be raised.

3. *Constitutionality of statute regulating descents and succession to property.*—The act approved February 12, 1885, (Sess. Acts 1884-85, p. 114), which provides for the setting apart of the homestead exemption to the widow, and defines her estate therein, is constitutional, since "each State has the right to enact laws for the regulation of descents and succession to property within its limits."

APPEAL from the Circuit Court of Coffee.

Tried before the Hon. J. M. CARMICHAEL.

This was a statutory action of ejectment, brought by Calvin Boutwell and others, against the appellants; and sought to recover certain described property.

The cause was tried upon an agreed statement of facts, the substance of which is sufficiently stated in the opinion. The court, at the request of the plaintiffs, gave the general affirmative charge in their behalf, to the giving of which the defendants duly excepted. There was judgment for the plaintiffs. The defendants appeal, and assign as error the giving of the general affirmative charge requested by the plaintiffs.

ROBERTS & MARTIN, for appellants.—The law in force at the time of setting apart the exemptions to the widow vested in her the title to the homestead as completely and fully, as if the estate had been administered upon and declared insolvent by the probate court.— *Munchus v. Harris*, 69 Ala. 509; *Hartsfield v. Harvoley*, 71 Ala. 231; *Baker v. Keith*, 72 Ala. 121; *Dossey v. Pitman*, 81 Ala. 381, 2 So. Rep. 443; *Miller v. Marks*, 55 Ala. 322.

J. D. GARDNER, *contra.*—The record of the proceedings of the probate court to set apart the homestead exemption, does not show that the commissioners were citizens of good standing in the county; and, therefore, the proceeding did not vest the title in the widow.— *Willburn v. McCalley*, 63 Ala. 444; *Wyatt v. Rambo*, 29 Ala. 510; *Johnson v. Eureka*, 12 Nev. 28.

COLEMAN, J.—Plaintiffs, heirs of John Boutwell, deceased, instituted the statutory action of ejectment against defendants, grantees and heirs of Martha Bout-

well, who was the widow of John Boutwell. The suit was commenced after the death of Martha Boutwell. There is but one material question in the case. The land in question was the homestead of John Boutwell at the time of his death, who died February 15th, 1887, leaving no minor children, and the entire tract did not exceed in area one hundred and sixty acres, and was of less value than two thousand dollars. There was no administration upon his estate. Under the statute in force at the time of his death (Acts of 1884–85, p. 114), the widow, Martha Boutwell, filed her application to have her exemption set apart. The petition for this purpose seems to be regular, and the proceedings conformed to the statute. The lands in question were regularly set apart to her, and the allotment confirmed and approved by the court.

The simple question is whether the widow took a fee in the land. It will be noticed that the right of the widow to the exemption vested, under the acts of 1884-85, before the adoption of the Code of 1886.—Code, § 2543. Under the law, as it was in force under the Code of 1876, sections 2827, 2841, and as now in force under section 2543 of the Code of 1886, an exemption of homestead set apart to the widow and minor child, or either, did not vest the fee in the widow or minor child, unless the estate was insolvent; and we held, it required a judicial ascertainment and declaration of insolvency, before the fee passed.

The act of 1884–85, p. 114, under which the widow took her estate, in section 2, has this provision : ''Upon the confirmation and approval of such report [that of the commissioners] by the probate judge, all the title, rights, privileges and immunities to such property shall vest in such widow, or such widow and minor child, or children, or minor child or children, as completely and fully as if said estate had been regularly administered upon and declared insolvent.'' This act of the legislature was intended to, and did materially, alter the law and enlarge the estate of the widow and minor child, or minor children. Prior to its enactment, it was necessary that the estate be judicially declared insolvent, before an absolute estate passed to the widow, or minor child. Under the act of 1884–85, if the homestead did not exceed 160 acres and $2,000 in value, by proper proceedings,

the estate vested absolutely, whether solvent or insolvent. The statute is without doubt constitutional, as "each State has the right to enact laws for the regulation of descents and succession to property within its limits." *Ethridge v. Malempu*, 18 Ala. 565.

It is contended that the statute requires that the commissioners "shall be citizens of good standing," and the record proceedings fail to show affirmatively, that the commissioners selected possessed these statutory qualifications. If the point possessed merit, this question could not be raised on collateral attack. The court had jurisdiction by virtue of the widow's application, in which every jurisdictional fact is set out. The appointment of the commissioners was regularly made, their report is full and in regular form, and the decree of the court, approving and confirming the report, is sufficient in all repects. We are of opinion that the widow took an absolute, inheritable estate in the lands.

The court erred in giving the affirmative charge for the plaintiffs. Upon the agreed facts, the defendants were entitled to the affirmative charge.

Reversed and remanded.