# Kilgore v. Kilgore *et al.*

*Bill in Equity to have Deed cancelled as a Cloud upon Title, and to have the Lands sold for Partition.*

1. *Homestead exemption to widow and minor child; ascertainment of insolvency of decedent's estate.*—The ascertainment of insolvency contemplated by the statute, (Code, § 2543), which provides that the title to the homestead of a decedent shall vest absolutely in his widow and minor child, if his estate is ascertained to be insolvent, is a regular and authorized declaration of insolvency as the result of regular proceedings in the probate court—a judicial ascertainment according to the statutory practice regulating such a procedure.

2. *Sale of lands for partition among tenants in common; jurisdiction of courts of chancery; does not exist when lands adversely held.*—While under statutory provisions now of force (Code, § 3262), the chancery court has concurrent jurisdiction with the probate court to sell lands for partition or equitable division among tenants in common, said court has no jurisdiction to sell lands for division or partition which are adversely held under a claim of title founded on disputed facts.

3. *Same; when relief can be granted.*—Although a court of chancery has no jurisdiction to sell lands for partition which are adversely held under a claim of title founded on disputed facts, if the sale for partition is only a part of the relief sought, and the bill filed avers facts sufficient to invoke the jurisdiction of a court of chancery upon some other equitable ground, not rendering the bill multifarious, the court will entertain the bill for all purposes necessary to give competent relief.

4. *Bill to remove cloud from title and sell lands for partition; when relief granted.*—In a bill filed by the heirs of a decedent to cancel a deed

[Kilgore v. Kilgore *et al.*]

to his homestead as a cloud on the title and to have said homestead, which could not be equitably divided, sold for partition, it was averred that the decedent died intestate owing no debts, but, at the instance of his widow, an administrator was appointed to collect a debt owing the estate; that by fraud and collusion between the widow and said administrator, they obtained and procured a decree in the probate court adjudging the decedent's estate insolvent, in order to invest the fee simple title to the homestead absolutely in the widow and the one minor child of deceased; that the estate was in fact solvent; that the complainants, who were heirs, were neither made parties to the proceeding in the probate court to declare the estate insolvent, nor did they have notice thereof or of the decree therein until a few days prior to filing their bill; that in accordance with the decree of insolvency the homestead was set apart to said widow and minor child, and she subsequently executed a deed thereto to said child. *Held:* On such averments, which, on motion to dismiss for want of equity, must be taken as true, a court of chancery has jurisdiction to cancel the deed to the minor child, and to establish and quiet complainant's title to the homestead, and, for this purpose, to annul said decree of insolvency, and then, with this barrier to such relief removed, to grant an order of sale for partition of the homestead lands; and that, therefore, a motion to dismiss such bill for the want of equity should be overruled.

APPEAL from the Chancery Court of Walker.

Heard before the Hon. W. H. TAYLOE.

The bill in this case was filed on May 17, 1893, by the children and grand-children of William Kilgore, deceased, and Margaret Kilgore, his wife, against Robert Kilgore. The complainants and the respondent are all the heirs of the said William Kilgore.

The allegations of the bill are sufficiently stated in the opinion. The prayer of the bill was, that a deed executed from Margaret Kilgore to Robert Kilgore, the respondent, be cancelled and annulled as a cloud on the title to the land, of which the said William Kilgore died seized, and that said land be decreed to be sold for partition among the complainants and the respondent, as joint tenants thereof. The respondent moved to dismiss the bill for the want of equity, and upon the submission of the cause upon this motion, the chancellor adjudged that the motion was not well taken, and decreed that the same be overruled. The respondent brings the present appeal, and assigns as error this interlocutory decree of the chancellor.

E. W. COLEMAN, for appellant.—1. The chancery

[Kilgore v. Kilgore *et al.*]

court has no jurisdiction of a suit for the sale of lands for partition when a defendant holds possession under a claim of title founded on disputed facts.—*Sellars v. Friedman*, 100 Ala. 499, and authorities there cited.

2. When a homestead is set apart to the widow and the estate is by decree of the probate court ascertained to be insolvent, it vests in her absolutely.—Code of 1886, § 2543; *Baker v. Keith*, 72 Ala. 121; *Munchus v. Harris*, 69 Ala. 506.

APPLING, McGUIRE & COLLIER, *contra.*—1. A court of equity has original jurisdiction to annul or cancel legal proceedings, judgments and decrees or contracts obtained or made by fraud.—2 Pom. Eq., §§ 910, 911; 3 Brick. Dig., 342, §§ 168, 169, 170; 1 Brick. Dig., 662, §§ 320, 322.

2. Said bill seeks, among other things, to cancel or annul a deed from Margaret Kilgore to Robert Kilgore, as a cloud on the title to said land, and we are aware that a court of equity will not entertain a bill to remove a cloud from title to land when complainant is not in possession of the land, unless he shows some special obstacle or impediment which would prevent or embarrass the assertion of his rights at law.—3 Brick. Dig., 358, §§ 375, 377; *Shipman v. Furniss*, 69 Ala. 555.

We insist that it appears from said bill, as pointed out in the preceding sections of this brief, that there is an obstacle or impediment which would prevent or embarrass the assertion of appellees' rights at law, in this, that said deed from said Margaret Kilgore to appellant, Robert Kilgore, predicated on the grantor's homestead right, and said fraudulent declaration of insolvency of said estate, would be an insurmountable obstacle to their recovery of said land, when of right they are entitled to their undivided interests therein, because there was, in fact, no debt or debts to be paid out of said estate.—*Van Doren v. New York*, 9 Paige Ch., 388; *Lewis v. Buffalo*, 29 How. Pr. 339; 1 Sheld. 84; *Rea v. Longstreet*, 54 Ala. 291; *Barclay v. Plant*, 50 Ala. 509.

3. The decree of insolvency was manifestly wrong and fraudulent, and these appellants, not being parties to it, could not appeal to this court.—*May v. Courtnay*, 47 Ala. 185.

4. The administrator of an insolvent estate may be

removed into chancery by a creditor, to remove a cloud from title, when a homestead has been allowed to a widow on *ex parte* proceedings. Why not this be done by the heirs?—*Corr v. Shackelford*, 68 Ala. 241; 3 Brick. Dig., 336, § 82.

HARALSON, J.—1. The intestate, William Kilgore, died, 6th of December, 1881, leaving a widow and one minor child, the defendant, Robert Kilgore. His estate consisted of his homestead, in which there were 140 acres of land, of value less than $2,000, and personal property less in value than $1,000.

Under the law which existed at that time, (section 2821 of the Code of 1876), such a homestead and the personal property were exempted from the payment of debts, contracted after the 23d of April, 1873, in all cases during the life of the widow, and the minority of the child,—the personalty to be delivered to the widow, to be employed by her in the maintenance of herself and her minor child, and the homestead exempted for their benefit, to be retained by the widow, until it was ascertained whether the estate was solvent or insolvent; and, if the estate was insolvent, it vested in her and her child absolutely.—Code, 1876, §§ 2826, 2827. The ascertainment of insolvency contemplated by the statute, was a regular declaration of insolvency by proceedings in the probate court,—judicial ascertainment according to the statutory practice regulating such a proceeding.— *Munchus v. Harris*, 69 Ala. 506; *Baker v. Keith*, 72 Ala. 121; *Smith v. Boutwell*, 101 Ala. 373; *De Armond v. Whitaker*, 99 Ala. 252.

2. It is shown by the bill, that the intestate, William Kilgore, died, owing no debts contracted by him to be paid by an administrator; that on the application of his widow, his estate was administered on by the then general administrator of the county, one R. H. Smith, for the purpose of collecting a debt of $200, due to decedent, at his death, by one H. A. Lollar, which, without administration, could not be collected, and that no claims against the estate were ever presented to said administrator for payment. It is further averred, that in 1883, on the written application of said widow, to the probate court of Walker county, the lands described in the bill, by the order and decree of said court, were set apart to

her and her minor son, Robert, the defendant, as a homestead, all the personal property, belonging to the said estate, including the $200 in money, which had been collected by the administrator from said Lollar,—except just enough of that money to pay the costs and expenses of the administration,—was also set apart to said widow and minor son, as exempt to them, leaving no property belonging to said estate to be administered, and no debts contracted by the decedent to be paid by said administrator.

3. It is further made to appear, that said administrator, on the 27th day of August, 1889, filed his application in the probate court, in which he gives a list of the real and personal property of his intestate, showing that the lands were 140 acres, and less in value that $2,000, and the personal property,—including said $200 collected on the only debt due his intestate,—was of value less than $1,000, all of which property, real and personal, he stated, was exempted to the widow and minor child, except such part of the said $200 as it took to pay costs and expenses of administration, leaving as he stated "nothing to pay any debts." The only creditor on the list of creditors filed was Mrs. Kilgore, the widow, who is put down as claiming $155. On this showing, he asked the court to declare the estate insolvent, and the court appointed the 27th day of October, following, to hear and determine the matter; and on that day, as it would seem, from the recitals,—"none of the creditors of said estate, [of whom it was not shown there were any] and none of the heirs of decedent, Wm. Kilgore, appearing or contesting said report,"—it was ordered that said estate be, and it was, declared insolvent; and, it was further ordered, that said administrator file his accounts and vouchers for a final settlement on the —— day of November, 1889. On that day he filed his account and vouchers, showing that he had received $200 and paid out a like sum, and had turned over and delivered to the widow for the use of herself and minor child, the defendant, all the personal property of the estate. His account shows, he paid the whole of this $200 in cash,— less the costs and expenses of administration, the balance amounting to $150—to Mrs. Kilgore for herself and minor child, on the 14th day of December, 1883. We have presented, therefore, the unheard of proceeding of

[Kilgore v. Kilgore *et al.*]

the estate of an intestate, who owed no debts, being reported to and declared insolvent by the probate court. It bears on its face, the evidence of collusion between the widow and the administrator, if not of the minor child, who is shown to have been of age at the filing of this bill, to procure a judicial ascertainment and declaration of insolvency, when the estate was solvent, in order to vest the fee in this homestead in her and her minor son. As corroborative of this fraudulent purpose, it is averred, that on the 19th of July, 1889, Mrs. Kilgore commenced a suit against said administrator for $150,—money as averred in the complaint, had and received by him for her use,—the same being the balance due her, of said $200 collected from said Lollar, after paying costs and expenses of administration. On the summons and complaint, the administrator accepted service and consented for the case to stand for trial at the following August term, at which time she recovered a judgment, as is averred, for $150. Yet, as we have seen, and as appears by voucher No. 1 in his account filed for final settlement of the estate, he paid the money for which this judgment purports to be a recovery, on the 14th December, 1883, more than six years before said judgment was rendered, and there was nothing really owing at the time for which said judgment could have been properly rendered. If the money had not already been paid to her, it was hers, having already been exempted and ordered to be paid to her by the probate court, and no action for money had and received could properly have been brought and maintained for it against the administrator, as such. It needed no judgment for its recovery, after the order of that court to pay it to the widow as exempt, and, if suit could have been brought against him at all for its payment, it must have been against him personally, and not as administrator.—*Lowery v. Daniel*, 98 Ala. 451.

As further corroborative of such a purpose, Mrs. Kilgore, on the 17th day of April, 1893, executed and delivered to her son, the defendant, a fee simple conveyance of said homestead lands, which, as she therein declares, had been set apart to her, "as a homestead in the estate of my [her] late husband, which said estate by the decree of the probate court of Walker county has been duly declared insolvent."

4. It has been more than once decided by this court, in construction of section 3262 of the Code, conferring on the chancery courts "concurrent jurisdiction with the probate court  *  *  * to sell for division or partition any property, real, personal or mixed, held by joint owners or tenants in common," that said court has no jurisdiction to sell lands for division or partition, where the defendant holds adversely under a claim of title founded on disputed facts.—*Sellers v. Friedman*, 100 Ala. 499 ; *Johns v. Johns*, 93 Ala. 239 ; *McElvoy v. Leonard*, 89 Ala. 455.

And it is conceded by counsel for appellees, that if this bill had no other foundation to rest upon, than being an application to the court of equity to sell the lands described; for division or partition, it can not be maintained. It is also conceded by them, that if the appellees had a plain and adequate remedy at law, to recover the lands from the defendant, it can not be maintained; but, in either case, as is claimed, if the bill will lie on some other equitable ground, the court will entertain it for that, and all other purposes, not rendering it multifarious.

5. In the proceeding in the probate court to declare this estate insolvent, the appellees were not parties, and there was no statute requiring them to be made parties. The administrator in filing his report, purporting to be and treated by the court as a report of the insolvency of the estate of his intestate, did not give a list of the heirs of the intestate (Code, § 2224), nor was notice required to be given, or given to them, of the filing of said report. The statute required notice to be given only to creditors.—Code, § 2226. The bill avers, that the appellees "had no sort of notice or knowledge of said report or decree of insolvency or of said settlement when made, till a few days ago,"—prior to filing the bill. Section 2228 of the Code provides, that "Any creditor, or other person interested in the estate, may make an issue as to the correctness of such report" of insolvency, and have the same tried by a jury. But, it is plain, if an heir intervenes for any such purpose, as he may, he must do so, voluntarily, on such information of the proceedings as he may chance to pick up. Neither the court, nor the administrator, is required to give him any notice. Touching such a proceeding as respects

heirs, devisees or legatees, we have held, that "a decree of insolvency in the court of probate merely ascertains, as between the personal representative and the creditors, the *status* of the estate, and its operation is to transfer to the court of probate exclusive jurisdiction of all claims against the estate—claims of creditors, of course, not the claims of legatees or next of kin, for the whole proceeding is founded on the fact that the assets are insufficient for the payment of the debts to which they are primarily liable. There are no other parties, or were not under the statute existing when this decree was rendered, than the personal representatives and the creditors. As to the next of kin, or legatees, the record is *res inter alios acta*, not affecting their rights, and not evidence against them of any fact as ascertained by it."—*Randle v. Carter*, 62 Ala. 103; *McGuire v. Shelby*, 20 Ala. 456; *State Bank v. Ellis*, 30 Ala. 478; *Edwards v. Gibbs*, 11 Ala. 292; *Lambeth v. Garber*, 6 Ala. 870.

6. The complainants in the bill, not estopped by said decree of insolvency, set up such a state of facts as show that a fraud was practiced by the widow of said Kilgore and his administrator, in the rendition and procurement of said decree of insolvency,—the one in pretending to be a creditor and the other admitting that fact, which, as shown, was known by each of them to be an incorrect claim, thus imposing on the court which rendered it. If these averments are true, the court of chancery has jurisdiction of this case, to establish and quiet complainants' title to the land, and to this end, to annul said decree of insolvency and sweep it out of the way of the claim of complainants below for partition of said homestead lands, and a sale of them for that purpose, on the ground, as alleged, that they can not be equitably divided in kind. *Watts v. Frazer*, 80 Ala. 188; *Noble v. Moses Bros.*, 74 Ala. 616; *Cromelin v. McCauley*, 67 Ala. 542; *Barclay v. Plant*, 50 Ala. 509; 2 Story Eq. Juris., §§ 1574-5; Kerr on Frauds, 353; 12 Amer. & Eng. Encyc. of Law, 142-144. If this decree were allowed to stand, it would effectually block any action the complainants might bring against defendant for the recovery of said lands.

The motion to dismiss the bill for want of equity was properly overruled, and the decree of the court below is affirmed.