# O'Rear *v.* Jackson.

## *Action in Nature of Action of Ejectment.*

1. *Legal title to land descends to heir.*—Upon the death of the an-
   cestor the legal title to the real estate descends to his heirs
   at law, subject, however, to the homestead exemption of the
   widow. This homestead right of the widow is determined by
   the law in force at the time of the death of the husband.
2. *Homestead exemption gives only life estate to widow.*—The home-
   stead set apart to the widow under section 2543 of the Code

[O'Rear v. Jackson.]

of 1886 when there is no ascertainment and decree of insolvency, vests in the widow no greater estate than for her life, the fee going to the heirs at law.

3. *General statutes repealed by code; exceptions.*—All general statutes except such as were passed at the session of the general assembly at which the code of 1886 was adopted not contained in the codification were repealed.

4. *Same.*—Where the general assembly passed an act at the session at which the code of 1886 was adopted, and on the same day, amending section 1 of the act of February 12, 1885, to set apart to widows and minors without administration property exempt, this amendatory law was not a re-enactment of any part of the old law, but simply a continuance of that portion of it which was retained and brought forward in the amending statute; and since the act purporting to amend section one of the act of February 12, 1885, did not attempt to preserve the other sections of said act and they were not brought forward in the Code of 1886, they were repealed.

5. *Query.*—Whether a simple amendment of another act of the legislature would fall within the saving provisions of the act adopting the Code of 1886.

6. *Homestead; widow takes life estate in under Code 1886.*—That part of the act of February 12, 1885, retained by the act of February 28, 1887, not affecting the question of the quantity of the estate of the widow and minor children in the homestead of the decedent it follows that the widow of a party dying after the adoption of the Code of 1886, and while it was in force, takes only a life estate in her homestead exemption, and that at her death the heir at law of the decedent has the legal title and is entitled to the possession.

7. *Same; purchaser of takes for life of widow.*—A purchaser from a widow of her homestead exemption is entitled to no greater title or interest in the land than she owned.

APPEAL from Montgomery Circuit Court.

Tried before Hon. JOHN R. TYSON.

The facts are stated in the opinion.

S. H. DENT, JR., for appellant.—Appellant had the fee simple title to the land sued for.—*Wilkins v. Walker*, 115 Ala. 590.

GORDON MCDONALD, *contra.*—(1). Exemptions determined by law in force at time of decedent's death. *Davis v. Davis*, 63 Ala. 298; *Skinner v. Chapman*, 78

Ala. 376. (2). Widow took only life estate.—*Kilgore v.. Kilgore*, 103 Ala. 614; *DeArmand v. Whittaker*, 99 Ala.. 373; *Munchus v. Harris*, 69 Ala. 506.

DOWDELL, J.—This is a statutory action of eject- ment, commenced by the appellee, plaintiff in the court below, for the recovery of certain real estate described in the complaint. The plaintiff bases her right of re- covery upon a title acquired by descent from her ances- tor, one Charles Dugan. The case was tried upon an agreed statement of facts, which is set out in the record. It is shown by this agreed statement that Dugan, the ancestor, died in possession of the land in controversy in June, 1889, leaving surviving him his widow, Martha Dugan, and, as his only heirs at law, Bettie Jackson, the plaintiff, and Lewis Jackson. The land was the homestead of Dugan at the time of his death, and neither of his children were minors. In May, 1896, the land was set apart to the widow, Martha Dugan, as her homestead exemption, by a regular proceeding had in the probate court of Montgomery county. In Novem- ber, 1896, Martha Dugan sold and conveyed the land to the defendant, W. O. O'Rear, who went into posses- sion under said sale. Subsequent to this conveyance,. and before the commencement of this suit, Martha Du- gan died.

Upon the death of the ancestor, the legal title to the real estate descended to his heirs at law, subject, how- ever, to the homestead exemption of the widow. This homestead right of the widow is determined by the law in force at the time of the death of the husband.—*Davies v. Davies*, 63 Ala. 293; *Skinner v. Chapman*, 78 Ala. 376; *Munchus v. Harris*, 69 Ala. 506.

It becomes material, then, to determine the extent, nature and character of the homestead exemption of the widow at the time of the death of the husband in June,. 1889. It is to be observed that in this case there was no administration upon the estate of Charles Dugan and consequently no ascertainment and decree of insolvency of his estate. The homestead set apart to the widow under section 2543 of the Code of 1886, when there is no ascertainment and decree of insolvency, vests in the

widow no greater estate than for the life of the widow, the fee going to the heirs at law.—*Smith v. Boutwell et al.*, 101 Ala. 373.

It is contended by counsel for appellant that the homestead exemption in the present case, set aside to the widow, was so set apart under the act of February 12th, 1885, (Session Acts 1884-5, p. 114, as amended by the act of February 28th, 1887, Acts 1886-7, p. 112), and that an absolute title to the land vested in the widow. This contention necessarily involves the assertion that the act of February 12th, 1885, was in force at the time of the death of the husband, Charles Dugan, in June, 1889, and this must depend upon one of two propositions: (1) that the act itself was adopted into the Code of 1886, or (2), if not adopted into the Code, it must have been preserved by some act of the legislature at the session in which the Code of 1886 was adopted. All general statutes, except such as were passed at the session of the general assembly at which the Code was adopted, not contained in the codification, were repealed. The act of Feb. 12, 1885, was not brought forward and adopted into the Code, and was therefore repealed, unless it was preserved by the amendatory act of Feb. 28, 1887. This act was entitled, "An act, to amend section one of an act, 'to set apart to widows and minors the property exempt from administration and debts under the laws of Alabama without any administration thereon; approved Feb. 12th, 1885." It will be observed that this act purports to amend only section one of the act of Feb. 12, 1885. This section one, as amended, was copied into the Code of 1886 under a marginal note on page 570. The act of Feb. 12, 1885, contained four sections. Section two determines the character and extent of title that vested in the widow under the provisions of said act setting apart the homestead exemption. The amendatory act in question, and the act by which the Code of 1886 was adopted, were passed on the same day—Feb. 28, 1887.

The rule seems to be that parts of the old law which are retained and brought forward in the amendatory act are not a re-enactment of the parts so retained of the old act, but simply a continuation of those portions

[O'Rear v. Jackson.]

of the original statute. Black on Interpretation of
Laws, p. 359. On page 358, it is said by the same law-
writer: "An amendment of a section of the statutes pre-
scribing the practice in the circuit courts does not by
implication amend another section wherein a similar
practice has been prescribed for justice courts." It is
certainly competent for the legislature to have pre-
served and continued in force section one of the original
act by amendment and at the same time to have repealed
the remaining sections of that act by express provision.
It was known to the law-making power that only such
general laws as were adopted into the Code, other than
those passed at the same session in which the Code was
adopted, would be continued of force, and it is reason-
able and fair to presume that at the time of the amend-
ment of section one of the original act in question, if the
legislature had intended that the remaining sections of
such original act should be continued in force, it would
have manifested such intention either by adoption of the
same into the Code or by some express reference to the
same in the amendatory act. Section two of the act by
which the Code of 1886 was adopted provides as fol-
lows: "No act passed at the present session of the gen-
eral assembly shall be repealed or affected in any man-
ner by the adoption of this Code, but all acts amending
sections of the Code of 1876, which sections have been
incorporated in this Code, shall be printed in the place
of and as such sections." The question as to whether a
simple amendment of another act of the legislature
would fall within the saving provisions of the act adopt-
ing the Code is not free from doubt, as the amendatory
act is neither the passage of an original law, nor a re-
enactment of the parts of the old law retained in the
amendment. The issues, however, involved in this suit,
do not require a decision of this question, and we leave
the same undecided. But as the present amendment is
expressly confined to section one of the act of Feb. 12,
1885, we are of the opinion that the remaining sections
of that act were repealed by not having been adopted
into the Code. We therefore conclude that the question
here involved as to the extent of the estate that vested
in the widow by the proceeding had in the probate court

in regard to her homestead exemption to the land is governed by section 2543 of the Code of 1886.

The appellant by the conveyance of the widow could acquire no greater title or interest in the land than she owned. The title of the widow was limited to a life interest and terminated upon her death.

There is no error in the record and the judgment of the circuit court is affirmed.