# O'Daniel *v.* Gaynor.

*Bill to Declare an Estate Insolvent and to Vest Title*
*to the Homestead in the Widow.*

(Decided March 2nd, 1907.  43 So. Rep. 205.)

1. *Homestead; Widow; Rights.*—Where the husband dies leaving a
   homestead the widow takes a life estate therein only, subject
   to be enlarged into the fee on the judicial ascertainment of the
   insolvency of his estate, under section 2543, Code 1896.
2. *Judicial Ascertainment.*—Under section 2543 it requires that a
   judicial ascertainment of the insolvency of the estate be had
   before the fee to the homestead vests absolutely in the widow
   or widow and minor children.
3. *Administration of Estates; Insolvency; Report; Ascertainment by*
   *Chancery Court.*—It is the duty of the personal representative
   to report the estate insolvent on becoming satisfied that such is
   the case, but the judicial ascertainment of the insolvency there-
   of is not dependent solely on such report; and in the absence
   of an adequate remedy in the probate court in which the ad-
   ministration is pending, a court of chancery will decree such
   insolvency for the purpose of enlarging the life estate of the
   widow and minor children to the homestead into a fee.
4. *Same; Insolvency; Ascertainment.*—A judicial ascertainment of
   the insolvency of an estate, and not the fact of insolvency at
   any time, being the condition precedent to the enlargement of
   a life estate in the homestead in the widow into a fee, such
   ascertainment cannot be had nunc pro tunc after the stat-
   ute of limitations had run against the claim which created the
   insolvency, the maxim "equity regards that as done which in
   good conscience ought to be done" not being applicable to
   judicial acts.
5. *Same; Insolvency of Estate; Parties; Demurrer; Limitations.*—
   In a bill by the widow to have the estate declared insolvent
   for the purpose of enlarging her life estate in the homestead
   into a fee the heirs of the estate are necessary parties, and
   are entitled on such issue to raise by demurrer the bar of the
   statute of limitations to the claim creating the insolvency.

APPEAL from Mobile Chancery Court.
Heard before Hon. THOMAS H. SMITH.

Bill by Melissa D. O'Daniel against W. C. Gaynor, as administrator, and others. from a decree sustaining demurrers to the bill, complainant appeals. Affirmed.

The allegations of the bill are that during his life William D. O'Daniel owned and occupied as a homestead the lands described in the bill, of less area than 160 acres and of less value than $2,000, and that he died in possession of these lands; that upon his death Melissa D. O'Daniel, as his widow, took possession of said lands, and has since occupied them as her homestead, claiming to be the absolute owner of the same; that at the death of her husband he owned no other real estate, and that his personal property was of less value than $1,000; that at the time of his death O'Daniel was indebted to one Jones in the sum of $400, and that his estate was utterly insolvent, and that it was the duty of his administrator, Gaynor, to so report the same and have a decree of insolvency declared; that said Gaynor was administrator of the estate and the confidential adviser and counsel for orator, and that orator was wholly ignorant of the law in regard to the matter of the homestead, and did not know that it was necessary for said decree of insolvency to be made to fully protect her in the fee-simple title to the homestead; that said Gaynor did not, although he was consulted by orator as her counsel as to the proper method of protecting her interest in the homestead, inform your orator of the necessity of having the estate declared insolvent, but has kept the said estate opened and unsettled, and has from time to time represented to her that it was necessary to the protection of her homestead to do so, and has representd and led her to believe that everything that was necessary for her protection in her homestead rights had been done and was being done, and has thus led orator to pay him large sums of money for protecting her interests in said homestead; that she reposed entire confidence in said administrator, who was her confidential lawyer and adviser, and was kept in ignorance of her rights by his advice, and who, notwithstanding his duty to take such action, neglected and failed to take the proper ac

tion and proceedings to have said estate declared insol-
vent until after the indebtedness against the said estate
became barred by the statute of limitations, although
the said claim of the said Jones had been duly filed with
the said administrator as a claim against the estate, and
although he was fully advised of the matters herein al-
leged.  It is further alleged that the heirs are publicly
asserting that orator has only a life estate in such home-
stead, and are claiming to own the fee to the remainder
in said estate.  It is further alleged that orator has
petitioned the probate court to set apart the homestead
to her, and that said petition is now pending in the pro-
bate court; but orator is advised, and so states, that the
probate court has no jurisdiction to adjudicate, ascer-
tain, and establish the insolvency of the estate as of the
date of the death of her said husband, or to grant to
orator the relief necessary to fix her title to said home-
stead in fee, without the intervention of the administra-
tor.  It is alleged that there is no lawful method by
which orator could, in her own behalf, cause said estate
to be declared insolvent, except by the aid of this honor-
able court.  It is also averred that no suit is pending
to enforce or test the validity of the respondents' title,
claim, or incumbrance.  The respondents other than
the administrator are called upon to set forth and spe-
cify their claims, title, interest, or incumbrance, and
how and by what instruments they are derived and creat-
ed.  The prayer is that the chancery court will ascertain
and decree that the said estate is insolvent, and was in-
solvent at the time of the death of O'Daniel, that the said
real estate constituted his homestead, and that oratrix is
entitled to a fee-simple interest therein, and that the
nature and extent of her estate be declared and fixed,
and that defendants be decreed to have no interest, title,
and claim to the same, and be enjoined from further
asserting any title thereto, and that oratrix's fee-simple
title thereto be quieted and protected.  Demurrers were
interposed by the heirs, raising the question that the bill
showed upon its face that the only claim against the
estate was barred, and that the estate was not insolvent,
and that the bill was multifarious, in that it sought

two inconsistent reliefs, and that no possession ripening into a fee-simple title was shown by the pleadings. These demurrers were sustained.

GREGORY L & H. T. SMITH. and J. BLOCKER THORNTON, for appellant.—Under the law in force March 3, 1889, the date of the death of decedent, the homestead of deceased being less in area than 160 acres and in value, $2,000.00, and forming no part of the larger tract, and being then the only real property owned by deceased vested in fee in the widow.—Sections 2562-63-64-65, Code 1886, being sections 2097-8, Code 1896.—*Munchos v. Harris,* 69 Ala. 506; *Jarrell v. Paine,* 75 Ala. 577; *Pollock v. McNeill,* 100 Ala. 203; *Jackson v. Wilson,* 117 Ala. 432; *Garland v. Bostwick,* 118 Ala. 209; *Brooks v. John,* 119 Ala. 412; *Faircloth, et. al. Carroll,* 137 Ala. 243; 15 A. & E. Ency of Law, p. 707. Not only the homestead exemptions of 160 acres is secured to the citizens of the state by the constitution and satutes, but the right of selection is also secured.—Section 2, p. 10, Constitution 1901; *Marks v. Wilson,* 115 Ala. 562. This right cannot be defeated by testamentary provision, nor is she required to dissent on such occasion.—*Herbert v. Russell,* 73 Ala. 578; *Bell v. Bell,* 84 Ala. 64. The law intervenes and attached the right of exemption without any action on the part of the exemptioner.—*Alley v. Daniel,* 75 Ala. 406; *Jarrell v. Paine, supra; Harding v. Pulley,* 79 Ala. 387; *Chandler v. Chandler.* 87 Ala. 303; *Pollock v. McNeill, supra.* Allottment is not necessary to create the right where the property is less than the exemption.—*James v. Clarke.* 89 Ala. 607; *DeArmand v. Whittaker,* 99 Ala. 252; *Smith v. Boutwell,* 101 Ala. 273; *Garland v. Bostwick, supra; Brooks v. John, supra; L. & N. R. R. Co. v. Hill,* 115 Ala. 346.—The retroactive feature embodied in the acts of 1884-5, p. 114; and Acts of 1886-7, p. 112, as incorporated in the Code of 1886, was omitted from the codification in 1896. As to what effect this has on the present case we call the court's attention to the following authorities: *Shamblin v. Hall, et al.* 123 Ala. 546; *O'Rear v. Jackson,* 124 Ala. 298; Black on Inter-

pretation of Laws, 359; *Coyle v. Met. Life Ins. Co.* 8
Culp (Pa.) 169; *State v. Martin*, 68 Vt. 93; 26 A. & E.
Ency of Law, pp. 601-602-744.

L. H. & E. W. FAITH, for appellee.—Under the stat-
utes in force at the date of the death of decedent, the
widow took a life estate only unless the estate be de-
clared insolvent.—*O'Rear v. Jackson*, 124 Ala. 298. Un-
less there has been a judicial declaration of insolvency,
appellant can claim only a life estate.—*Kilgore v. Kil-
gore*, 102 Ala. 614. The only claim against the estate
was barred by the statute of limitation, hence there were
no debts against the estate.—*Kilgore v. Kilgore, supra.*
If the court should declare the estate insolvent the de-
cree could relay no further back than the filing of the
decree of insolvency.—72 Ala. 127. Upon the death of
the owner of the land the title vests immediately in the
heirs, and no one may be deprived of life, liberty or
property without due process of law.—Section 6, Con-
stitution 1901.

McCLELLAN, J.—Appeal from decree sustaining
demurrers to the bill. Wm. D. O'Daniel having died in
March, 1889, the appellant, his surviving widow, took
in his homestead a life estate only, subject to be en-
larged into a fee upon the ascertainment of the insol-
vency of his estate.—Code 1886, § 2543; *O'Rear v. Jack-
son*, 124 Ala. 298, 26 South. 944. A re-examination of
that opinion confirms its correctness.

Section 2543 of the Code of 1886 is governing in this
case; and its last clause provides that the widow and
minor children may retain the homestead until it is as-
certained whether the estate is solvent or insolvent; and
if insolvent, they take the fee in the homestead. This
court has several times declared that the ascertainment
requisite to vest the fee in the widow and children, di-
vesting it out of the heir, is a judicial ascertainment.—
*McDonald v. Berry*, 90 Ala. 467, 7 South. 838; *Kilgore
v. Kilgore*, 103 Ala. 614, 15 South. 897; *Munchus v.
Harris*, 69 Ala. 506; *Baker v. Keith*, 72 Ala. 121; *Smith
v. Boutwell*, 101 Ala. 373, 13 South. 568. It will be ob-

14 R

served, then, that the condition precedent to the vesting of the fee in the beneficiaries under the statute is not the fact of insolvency, but the judicial declaration thereof—an important distinction. We are clearly of the opinion, and so hold, that the judicial ascertainment of insolvency necessary to meet the condition of the statute is not wholly dependent upon the initiative report to that end by the personal representative, though, where he is satisfied such is the case, it is his duty to the beneficiaries of this statute, as well as to the estate, to so report. As we understand the statute, the judicial ascertainment required is not limited to a decree consequent only on report by the personal representatives. In fact, to so decide would virtually read into the statute a proviso not written there. Hence, in a proper case, a court of chancery will ,in the absence of adequate remedy in the probate court, if the administration of the estate is pending there, grant relief, to the purpose that the enlarged estate in the homestead may be vested.

The bill invokes the operation of the equitable maxim that "equity regards and treats that as done which in good conscience ought to be done."—1 Pom. Eq. § 364. Viewing the bill with the utmost favor, the field asserted for its operation is the fraudulent failure or refusal of the personal representative to report the estate insolvent, as it in fact was, until the statute of limitations had barred the only claim working such insolvency. In discussing the meaning and effect of the maxim in 1 Pom. Eq. § 365, it is said: "In the first place, it should be observed that the principle involves the notion of an equitable obligation existing from some cause; of a present relation of equitable right and duty subsisting between two parties—a right held by one party, from whatever cause arising, that the other should do some act, and the corresponding duty, the ought, resting upon the latter to do such act. Equity does not regard and treat as done what might be done, or what could be done, but only what ought to be done." When it is considered that the condition precedent to the enlargement of the homestead estate into the fee is the judicial as-

certainment of insolvency of the estate, and not the fact of insolvency at any time, it is apparent that the maxim has no application in this case. The obligation may be conceded to have rested upon the personal representative to report the estate insolvent when indeed it was, yet the fulfillment of that obligation could not avail to meet the condition fixed in the statute. The maxim pertains, not to what might be done, nor to what could be done, but to what ought to be done. How could it be conclusively preseumed that, though the report of insolvency was made, the probate court would have judicially declared the estate insolvent. It might not have done so.

But there is, we think, a more potent reason for the denial of the application of the maxim to this case; and that is that the principle expressed in the maxim has no sort of influence when related to judicial action. The cases cited in brief are cases only involving agreements or situations where "good conscience" dictates certain action as between parties. A rather diligent search has not rewarded us with any instance where equity has regarded and treated as done any judicial act, however meritorious the circumstances. However virulent may have been the fraud of the administrator, such fraud certainly cannot afford ground or reason to treat and regard as passed a decree of insolvency when in deed and fact such decree was not entered. The estate of O'Daniel not having been judicially declared insolvent, the widow's estate in the homestead has not been enlarged into a fee.

The heirs, being necessary parties to this bill to declare the estate insolvent, are entitled, on that issue, to assert by demurrer the bar of the statute of limitations of the alleged claim against the estate.—*Love v. Butler,* 129 Ala. 531, 30 South. 735; *Huntsville v. Ewing,* 116 Ala. 576, 22 South. 984. It follows that the decree sustaining the demurrers was properly rendered, and is therefore affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.