# Waters, *et al v.* Gadsden-Ala. C. L. Co., *et al.*

*Bill to Quiet Title and for Partition.*

(Decided February 6, 1913. Rehearing denied April 23, 1913.
62 South. 75.)

1. *Homestead; Right of Widow; Statutes Governing.*—The homestead rights of the widow and minor children of a decedent are to be determined by the law in force at the time of his death.

2. *Same; Exemptions; Allowance; Necessity.*—The widow and child of a decedent who died while Acts 1884-5, p. 114, were in force did not acquire absolute title to the real estate, before proceeding to set aside the same as exempt, were had, although it appeared that it was all the realty owned by decedent at the time, and was less in area and value than the exemptions, and that the widow and child had continuously resided thereon.

3. *Courts; Opinion; Dicta.*—The opinion determining the title acquired by a widow and child under the Acts of 1884-5, p. 114, before proceeding to set the homestead exemption apart to them, in a case where the sufficiency of the petition to set same aside was questioned, was not dicta.

APPEAL from Etowah Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by Charity C. Waters and others against the Gadsden-Alabama City Land Company and others to determine interest and for partition. Decree for respondents, and complainants appeal. Affirmed.

The bill is filed by Charity C. Waters, the widow, and J. Forney Waters, a minor child, of John H. Waters, deceased, who died intestate January 26, 1886, owning

and occupying as his homestead the 80 acres described in the bill of less value than $1,000, which was all the realty owned by him at the time of his death, and was not situated in any city or town. The bill seeks to have the respondents set forth and specify their respective titles, interests, etc., and also for partition of the land. It is alleged in the bill that complainants have continuously resided upon this land and were so residing on it when the bill was filed, and that there has never been an administration of the estate of the said John H. Waters. The demurrer raises the question discussed in the opinion.

McCORD & DAVIS, and JOHN R. TYSON, for appellant. Homestead right of a widow and minor child is determined by the law in force at the time of the death of the husband and father.—*O'Rear v. Jackson,* 124 Ala. 298. This being true, the title of the widow and minor child must be determined by the provisions of Acts 1884-5, p. 114. Under that act, the exemption right of the widow and minor is an absolute estate.—*Faircloth v. Carroll,* 137 Ala. 243; *Quinn v. Campbell,* 128 Ala. 280; *Jackson v. Wilson,* 117 Ala. 432; *Garland v. Bostwick,* 118 Ala. 209; *Tart v. Negus,* 127 Ala. 301; *Thacker v. Morris,* 52 South. 73; *Hall v. Hall,* 55 South. 146. The judgment in this case strikes down a rule of property which has been consistently adhered to by this court for over twenty years.—*Hodges v. Hodges,* 172 Ala. 11; *Headen v. Headen,* 171 Ala. 521; *Hall v. Hall,* 171 Ala. 618; *Dickinson v. Champion,* 167 Ala. 613; *Sims v. Sims,* 165 Ala. 141; *Brooks v. Johns,* 119 Ala. 412; *Kellum v. Gamble,* 97 Ala. 677, and authorities next above. The opinion in the case of *Smith v. Boutwell,* 101 Ala. 373, wherein this matter is discussed is a dictum pure and simple.

HOOD & MURPHREE, and CATO D. GLOVER, for appellee. The admission is made by appellant that the rights of appellant are to be determined by the provisions of Acts 1884-5, p. 114, and this being true, it must be declared that no absolute title vested in complainant, as no proper proceedings were had under said act, setting the same aside to appellants as homestead or other exemptions.—*Smith v. Boutwell,* 101 Ala. 373.

MCCLELLAN, J.—The single question presented for review is: Did the law in force January 26, 1886—treating of homestead exemptions to the widows and minor children of decedents—vest, without action of the probate court of the county, an absolute title in widows and minor children in real estate occupied as a homestead, by husband and father at the time of his death, when such real estate was within the law's provisions with respect to the value and area thereof as affording the condition to the right of homestead exemptions?

The law in force, on January 26, 1886, in this state on that subject, was the act approved February 12, 1885 (Acts 1884-85, pp. 114, 115). The act adopting the Code of 1886 was approved February 28, 1887 (Acts 1886-87, p. 47). The law in force and effect at the time of the death of the husband and father is the law whereby homestead rights are determined.—*O'Rear v. Jackson,* 124 Ala. 298, 26 South. 944.

In the first section of the act (approved February 12, 1885), the beneficiaries of the exemption were specified, and provision was made for the appointment, by the probate court, of commissioners "whose duty it shall (should) be to make a complete inventory of personal property so exempt, and set apart   *   *   *   all of the personal and real property exempted" to the widow and minor children. The second section provided: "Be it

further enacted, that it shall be the duty of such commissioner to return into the probate court a complete inventory of all the personal property with a fair valuation of the same and a true description by metes and bounds of all the realty set apart by them to such widow or minor child or children, which report shall be verified by the affidavit of such commissioners, *and upon the confirmation and approval of such report by the probate judge, all the title, rights, privileges and immunities to such property shall vest in such widow,* or such widow and minor child or children, or minor child or children, as completely and fully as if said estate had been regularly administered upon and declared insolvent."

This court, in *Smith v. Boutwell,* 101 Ala. 373, 13 South. 568, delivered at the term 1892-93, construed this particular act as establishing, by the words we have above italicized, the necessity that proper proceedings, consonant with the prescription of the act, should be had as a condition precedent to the investment of the absolute title in the beneficiaries of the homestead exemption there provided. After quoting the important part of section 2, which is quoted above, it was said: "Prior to its enactment, it was necessary that the estate be judicially declared insolvent, before an absolute estate passed to the widow, or minor child. Under the act of 1884-85, if the homestead did not exceed 160 acres and $2,000 in value *by proper proceedings,* the estate vested absolutely, whether solvent or insolvent." (Italics supplied.)

We would not feel justified—even if disposed to take a different view, in this particular, of the act of 1884-85—in disturbing the rule of property established by this decision, unquestioned for 20 years. It may be said, however, that, in addition to the language (italicized)

of the act wherefrom it was concluded in *Smith v. Bout-well, supra,* that "proper proceedings" were a condition to the vesting of the absolute title in the beneficiaries, *section 4* of the act appears to make provision for a tenure of the property by the widow or guardian *pending* the proceedings prescribed for setting aside the exemption to those entitled thereto. This provision for tenure, pending the setting aside of exemptions, is obviously inconsistent with the view, prevailing under other statutes, that the chief, if not only, office of the proceedings prescribed by those statutes, was to effect *selection*—a process entirely unnecessary where the subject of the exemptions was less in value, and in area if land, than the statutes prescribed.

Under the act of 1884-85 the court attained and enforced, in its ruling on demurrer, the correct conclusion. In this instance no proceedings, to set aside the homestead exemptions according to the provisions of that act, having been had, the widow and minor child were not invested with the absolute title to the land in question.

The decree is affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and SOMERVILLE, JJ., concur.

### ON MOTION FOR REHEARING.

In brief and argument submitted with appellant's application for rehearing, it is insisted that the ruling of this appeal "strikes down a rule of property that has been consistently adhered to by this court for over 20 years, as enunciated and approved in the following cases: *Hodges v. Hodges,* 172 Ala. 11 [54 South. 618];

*Headen v. Headen,* 171 Ala. 521 [54 South. 646] ; *Hall v. Hall,* 171 Ala. 618 [55 South. 146] ; *Dickinson v. Champion,* 167 Ala. 613 [52 South. 445] ; *Sims v. Sims,* 165 Ala. 141 [51 South. 731] ; *Thacker v. Morris,* 166 Ala. 395 [52 South. 73] ; *Faircloth v. Carroll,* 137 Ala. 244 [34 South. 182] ; *Tartt v. Negus,* 127 Ala. 301 [28 South. 713] ; *Quinn v. Campbell,* 126 Ala. 280 [28 South. 676] ; *Brooks v. Johns,* 119 Ala. 412 [24 South. 345] ; *Garland v. Rostick,* 118 Ala. 209 [23 South. 698] ; *Jackson v. Wilson,* 117 Ala. 432 [23 South. 521] ; *Gamble v. Kellum,* 97 Ala. 677 [12 South. 82]."

Aside from *Gamble v. Kellum, ante,* not one of the above-cited decisions involved the Act of February 12, 1885 (Acts 1884-85, pp. 114, 115). Not having interpreted nor undertaken to interpret that act, those decisions did not establish, and could not have established, a rule of property in respect thereto.—*Gamble v. Kellum* did concern the act of 1884-85, but as affecting only the right of the widow to *personal* property. That and *Smith v. Boutwell,* 101 Ala. 373, 13 South. 568, are the only deliverances here in which the Act of February 12, 1885, was the positive law involved. The Act of December 13, 1892 (Acts 1892-93, p. 138; Code 1896, § 2071), was different in phraseology from the Act of February 12, 1885, and in the opinion in *Smith v. Boutwell* was, as readily appears, interpreted to a different effect in respect of real property subject to exemption.

It is urged for the applicant that what was said in *Smith v. Boutwell* in interpretation of the act of 1884-85 was dicta. This contention is unsound. The action was ejectment brought by the heirs of John Boutwell against the grantees and heirs of Martha Boutwell, who was the widow of John Boutwell. The agreed statement of facts showed that the land in dispute was the homestead of John Boutwell at the time of his death (Feb-

ruary 15, 1887) ; that John left no minor children; and
that the entire tract did not exceed in area 160 acres,
and was of less value than $2,000. There was no ad-
ministration upon John Boutwell's estate. "Under the
statute in force at the time of his death (Acts 1884-85,
p. 114), the widow, Martha Boutwell, filed her applica-
tion to have her exemptions set apart." Thereunder
the lands in question "were regularly set apart to her
and the allotment confirmed and approved by the court."
The court said: "The simple question is whether the
widow took a fee in the land."

This question necessarily required for its correct so-
lution the interpretation of the act of 1884-85, and so
the court there concluded and undertook the perform-
ance of that duty. It could not determine the *suffi-
ciency* of the petition, there raised and determined,
without first deciding that a petition was *essential.* If
a petition and consequent proceedings were, under the
facts there present, wholly unessential to the vesting of
the fee in the widow, to the homestead, less in area and
value, than the maximum fixed by the act, obviously the
court would have dismissed the point pressed by appel-
lee and have based the conclusion upon considerations
which find expression in the cases cited (as · before
noted) for the applicant. Manifestly, the validity of
a proceeding, with respect to its regularity or to the
power of the tribunal undertaking to pronounce therein,
can never be considered or determined without *first* as-
certaining what is requisite to a valid proceeding of
that nature, including the jurisdiction so to do.

The application for rehearing is denied.