# *Ex parte* Walter Brothers.

| 89 | 237 |
|-----|-----|
| 138 | 592 |

*Application for Mandamus to Chancellor.*

1. *Restitution of money paid under decree afterwards reversed.*—Money paid under and in obedience to a decree of the Chancery Court, before the issue of execution, is not paid voluntarily, but under legal compulsion; and the decree being reversed by this court on appeal, the party paying is entitled to have restitution, without waiting for the final determination of the cause.

2. *Mandamus to chancellor.*—If the chancellor wrongfully refuses to make an order requiring the restitution of money paid under a decree which has been reversed on appeal, this court will award a *mandamus* to compel him to make the order.

APPLICATION by petition to this court, for the writ of *mandamus*, or a rule *nisi*, directed to Hon. JOHN A. FOSTER, presiding in the Chancery Court at Montgomery, commanding him to make, or to show cause why he should not make, an order in a cause pending in the Chancery Court of Montgomery, requiring J. T. May, the complainant in the original bill filed in said suit, to repay to Walter Brothers, defendants to the bill, and complainants in an "original bill in the nature of a cross bill" filed by them in that suit, a sum of money which Walter Brothers, the petitioners, had paid into court under a decree which was afterwards reversed by this court on appeal. The original bill of May sought to enforce a vendor's lien on a tract of land, which Walter Brothers had bought from C. B. Ferrell, two of their notes for the purchase-money having been transferred by Ferrell to May. After answering, Walter Brothers filed an "original bill in the nature of a cross-bill" to that suit, against May, Ferrell and D. S. Troy, seeking a rescission of the contract, or an abatement of the purchase-money. On the 23d April, 1888, on final hearing on pleadings and proof, the chancellor rendered a decree in favor of May, for $1,338.66, the amount due on the two notes held by him, and declared a lien on the land for its payment. On appeal to this court by Troy, this decree was reversed, and the cause remanded, as shown by the report of the case.—*Troy v. Walter Brothers*, 87 Ala. 233, where the facts are fully stated. Before the decision of the case by this court, Walter Brothers paid the amount of the decree, with interest

and costs; and on the 17th June, 1889, after the reversal, they filed a petition in the cause, asking the chancellor to make an order requiring May to make restitution of the money so paid. May filed an answer to the petition, stating the facts on which he based his claim to the money on the merits of the case. On the hearing of the petition and answer, the chancellor refused to make an order for the restitution of the money; and the petitioners thereupon filed their application in this court for a *mandamus* to compel him.

BRICKELL, SEMPLE & GUNTER, for appellant, cited *U. S. Bank v. Bank of Washington*, 6 Peters, 16; *Galpine v. Page*, 18 Wall. 374; *McDonald v. Life Insurance Co.*, 65 Ala. 362; *Marks v. Cowles*, 61 Ala. 299; *Dupuy v. Roebuck*, 7 Ala. 486; *Cummings v. Noyes*, 10 Mass. 433; Freeman on Executions, § 347; Freeman on Judgments, § 482.

ROQUEMORE, WHITE & McKENZIE, *contra.*—The money was paid voluntarily, and not under legal compulsion. *Cahaba v. Burnett*, 34 Ala. 400; *Knox v. Steele*, 18 Ala. 817; *McCreliss v. Hinkle*, 17 Ala. 459; *Murphy v. Murphy*, 45 Ala. 123; *Tarleton v. Goldthwaite*, 23 Ala. 346; *Phillips v. Towles*, 73 Ala. 406. (2.) On the facts before the chancellor, May is entitled to retain the money.—*Brooks v. Martin*, 43 Ala. 360; *Traun v. Keifer*, 31 Ala. 143; *Auerbach v. Pritchett*, 58 Ala. 457. (3.) *Mandamus* does not lie on the facts shown by the record.—*Davidson v. Washburn*, 56 Ala. 596; *State v. Williams*, 69 Ala. 311; *Ex parte Redd*, 73 Ala. 548; *Ex parte Echols*, 39 Ala. 698; *Lamar v. Comm'rs*, 21 Ala. 772; High on Extra. Legal Remedies, §§ 34, 42, 152.

McCLELLAN, J.—We are unable to concur with counsel who appear against the application, that money paid on, and in obedience to a decree of the Chancery Court, can, in any case, be said to be paid voluntarily, in such sort as to preclude its recovery in the event of a reversal of the decree. We understand the law to be settled to the contrary.—*Cahaba v. Burnett*, 34 Ala. 400, 407; *Knox v. Abercrombie*, 11 Ala. 997; *Life Ins. Co. v. Stewart*, 95 Ind. 588; *Wright v. Aldrich*, 60 N. H. 161; *Hollingsworth v. Stone*, 90 Ind. 244; *Scholey v. Halsey*, 72 N. Y. R. 578; *Hiler v. Hiler*, 35 Ohio St. 645.

We can conceive of no case in which a party, who pays money on a decree which is subsequently reversed, is not entitled to have restitution of what he has paid, and to be thus reinstated in the position and to all the rights he had prior to the rendition of the erroneous decree. It is not material what those rights were, or would probably, or even certainly and necessarily, be determined to be, in the further progress of the litigation. He is entitled to have his final equities adjudicated while he yet occupies whatever vantage-ground was his in the inception of the contest, and from that stand-point to invoke the judgment of the law on the issues he presents. When he asks, after the reversal of a decree which has erroneously adjudged his rights and disturbed his relations in the case, to have his original *status* restored, it is no answer to his petition to say that, on a final hearing of the cause, it will again be decreed that he pay that of which he now seeks restitution. To so hold would be to prejudge the case, to decide in advance of the submission of the issues on pleading and proof that the party, who has been put at a disadvantage by the execution of a wrongful decree, though properly before the court, is not entitled to any relief in the cause. On the other hand, we are unable to see any predicate for the claim of the other party to retain what, confessedly, he has wrongfully received. He had no right to the money involved in the litigation, in contemplation of law, until there should be a correct determination of the matters in dispute, however clear his rights may have been in point of fact. He, therefore, proceeds with the cause, having an undue advantage of his adversary, and is in fact in the attitude of having gained what he claimed before his right to it had, or could have been determined. We entertain no doubt, therefore, of the absolute right to have restitution made on the one hand, and the absolute correlative duty to make restitution on the other, wholly regardless of considerations looking to the final equities of the parties.—Freeman on Judgments, § 482; Freeman on Executions, § 347; *Bank of U. S. v. Bank of Washington,* 6 Peters, 16-7; *Marks v. Cowles,* 61 Ala. 303.

This case is clearly distinguishable from *McCreliss v. Hinkle,* 17 Ala. 459, and *Tarleton v. Goldthwaite,* 23 Ala. 346, in which the question arose on a motion to dismiss the appeals taken by the parties, who had received satisfaction of decrees in their favor from which the appeals were taken. There had been no ascertainment that the decrees were erro-

[Louisville and Nashville R. R. Co. v. Crawford.]

neous. They had not been reversed. It did not appear but that under *those decrees* the parties would be entitled to all they had received, and hence the court declined to dismiss the appeals, and proceeded to hear them on their merits. Here, there is no decree. The judgment of reversal has expunged it, And the rights of the parties are similar to those passed on in the cases of *Hall v. Hrabrowski*, 9 Ala. 278, and *Bradford v. Bush*, 10 Ala. 274.

That the chancellor before whom the case is pending has the power to make an order for restitution in such case, is not controverted. The parties are before him, and in and about, and in the conduct of that cause, they are subject to his control. The facts which constitute the only predicate for such an order—a decree, payment under it, and its reversal—are a part of the cause itself. There can be no dispute or mistake about them. On them the order for restitution goes as a matter of course. It does not involve the exercise of judicial functions. There is no remedy for the refusal to grant the order, except *mandamus*. Our opinion is, that *mandamus* is the proper remedy. And the writ will be awarded in this case, to be issued only on the further application of petitioners' counsel, if restitution, or an order therefor, is not made in the court below upon advice of our conclusion.