# Florence Cotton & Iron Co. *v.* Louisville Banking Co.

*Action to recover Money paid upon Judgment which is subsequently reversed.*

1. *Action for money paid upon judgment; when recoverable:* Where a party pays money under a judgment which is afterwards reversed, he is entitled to restitution of the money so paid from the party to whom it was paid, and can maintain an action for money had and received, for its recovery.

2. *Same; same; fact of indebtedness in first suit no defense.*—Where a judgment upon which money has been paid is reversed, if, when the cause is called for another trial, the plaintiff in the suit makes a renunciation of his cause of action and dismisses the suit, the defendant can recover the money so paid; and the fact that the debt claimed in the original suit was due and existing, presents no defense to a suit for the recovery of the money paid upon the judgment.

3. *Rights of transferee of judgment; as to recovery of money paid upon said judgment.*—The transferee or assignee of a judgment to whom money is paid upon said judgment, occupies the same position as the assignor or plaintiff in the judgment; and if money is paid upon said judgment after its assignment and the judgment is subsequently reversed, the defendant in the judgment can maintain an action against the transferee or assignee of the judgment for restitution, the same as if he was originally plaintiff in the suit.

4. *Payment of money upon judgment; when right to restitution accrues.*—Where a defendant in a suit· pays money upon a judgment which is afterwards reversed, his right to restitution accrues from the date of the judgment of the Supreme Court reversing the judgment of the lower court, and he is entitled to recover the money paid on the execution, with interest from the date of the judgment of reversal.

APPEAL from the Circuit Court of Lauderdale.

Tried before the Hon. ED. B. ALMON.

On January 15, 1892, J. H. Fields recovered a judgment against the Florence Cotton & Iron Company for

$4,803. On January 16, 1892, J. H. Fields transferred and assigned by endorsement on the execution docket, the judgment so recovered, to the appellee, the Louisville Banking Company. From the judgment recovered against it the Florence Cotton & Iron Company appealed to the Supreme Court, but no supersedeas bond was given. Pending the appeal, there were several executions issued upon the judgment. In February 1894, the judgment appealed from was affirmed, and thereafter the defendant in said judgment, the Florence Cotton & Iron Company, while an execution was in the hands of the sheriff, paid off said judgment, and costs. After the payment of said judgment by the Florence Cotton & Iron Company, the Supreme Court, on November 13, 1894, in response to an application for re-hearing, granted said application and reversed the judgment against the Florence Cotton & Iron Company, and remanded the cause to the trial court. After the remandment of the cause to the trial court, the plaintiff in said suit, J. H. Fields, on September 6, 1897, dismissed the suit, and judgment was acordingly rendered in favor of the defendant for the costs, &c. On August 13, 1898, the Florence Cotton & Iron Company brought the present suit against the Louisville Banking Company, to which latter company the judgment recovered by Fields had been transferred and to which latter company the money paid by the present plaintiff was delivered, for the purpose of recovering the money which had been so paid on the judgment in favor of said Fields. The other facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

The cause was tried by the court without the intervention of a jury, and upon the hearing of the cause, judgment was rendered for the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

THOMAS R. ROULHAC and R. T. SIMPSON, JR., for appellant.—The dismissal of the suit by Fields is not *res adjudicata*. Its effect is only *prima facie* to concede that

nothing was due. It devolves on the defendant in this case the burden of showing that it is entitled to retain the money.—*Crocker v. Clements,* 23 Ala. 307; *Langley v. Warner,* 3 N. Y. 328; *Moon's Admr. v. Crowder,* 72 Ala. 79 (87).

When the action is for money had and received to the plaintiff's use, the defendant may show any matter of defense growing out of, or connected with, the same transaction, which shows that the plaintiff is not entitled *ex equo et bono* to recover. In adopting the action of money had and received the plaintiff made himself open to any defense appropriate to this form of action.—3 Brickell's Dig. p. 51, § 10; *P. & M. Ins. Co. v. Tunstall,* 72 Ala. 142; *King v. Martin,* 6 Ala. 177; *Hungerford v. Moore,* 65 Ala. 232; *M. & M. R. R. Co. v. Felrath,* 67 Ala. 189; 1 Brickell's Dig. p. 142, § 105; *Stewart v. Conner,* 9 Ala. 818; *Meredith v. Richardson & O'Neal,* 10 Ala. 829; *Ewing v. Peck,* 26 Ala. 416; *Crocker v. Clements,* 23 Ala. 307; *Knox v. Abercrombie,* 11 Ala. 999.

The assignment of the judgment, even if the judgment was void, carries with it the debt or claim on which the judgment was based, and the right to stand in creditors place as regards the means of collection and enforcement.—2 Black on Judgments, § 948; 2 Freeman on Judgments, § 431.

EMMET O'NEAL and JOHN T. ASHCRAFT, *contra.*—It is the general, if not the universal, rule of law, that, when a judgment or decree is reversed, the case, in which it was obtained, stands as if the judgment had never been rendered. The original *status* of the parties in the cause is restored, and if the plaintiff has obtained any advantage, money, property, or benefit from the party, against whom the judgment was rendered, he must make restitution, for without such restitution the parties cannot be restored to their former *status.* The action of assumpsit lies to recover money which the defendant is in equity and good conscience bound to pay to the plaintiff." *Duncan v. Ware,* 5 Stew. & Port., 119; *Dupuy v. Roebuck,* 7 Ala. 486; *Burdine v. Roper, Ib.* 467; *Meredith v.*

[Florence Cotton & Iron Co. v. Louisville Banking Co.]

*Richardson,* 10 Ala. 828; *Ewing v. Peck,* 26 Ala. 416; *Knox v. Abercrombie,* 11 Ala. 999; *Crocker v. Clements,* 23 Ala. 307-8; *Wilson v. Sawyer,* 37 Ala. 631; *Marks v. Cowles,* 61 Ala. 302-5; *McDonald v. Ins. Co.,* 65 Ala. 362; *Galpin v. Page,* 18 Wall. 350; *Ex parte Walter Bros.,* 89 Ala. 239.

Whenever the judgment of dismissal shows, that it was made upon an adjustment by the parties, it is a judgment upon the merits, and is binding and conclusive as *res judicata.—Haldeman v. The United States,* 91 U. S. 715, (1 Otto) ; *United States v. Parker,* 120 U. S. 96-7; *Merritt v. Campbell,* 47 Ala. 542; *Stanton v. Kenrick,* 135 Ind. 382; *Ry. Co. v. Long,* 26 W. Va. 699-700.

SHARPE, J.—By execution on a judgment recovered by Fields against this plaintiff, defendant as assignee of the judgment collected money. Subsequently the Supreme Court reversed the judgment and remanded the cause, whereupon Fields dismissed the suit. Plaintiff brought this suit for the money it paid on the judgment. The complaint consists of three counts, the first declaring on an account, and the second for money had and received for plaintiff's use. The third count was upon special facts, and a demurrer thereto was sustained. It is unnecessary to review the ruling on this demurrer since the second count was adapted to a full presentation of plaintiff's case. Before the final disposition of the third count, there was filed a number of special pleas, all of which were stricken out except those numbered respectively, 6, 12, 13, and 18, each of which set up as a defense the existence of the debt claimed by Fields in the first suit. These pleas, we construe, as having been interposed to the third count alone. The disposition of that count under the demurrer had the effect to eliminate these special pleas, but for the purpose of this review we will treat the plea of the general issue which was interposed to the whole complaint as available for any defense which could properly have been based on injustice of the plaintiff's claim.

The authorities generally sustain the proposition that where payment has been coerced on a judgment which is

afterwards reversed, the party paying has *prima facie*, a right to restitution of the money. Some cases elsewhere, and in some of the earlier cases in this court including *Duncan v. Ware*, 5 S. & P. 119; *Dupuy v. Roebuck*, 7 Ala. 486, which were referred to in *Crocker v. Clements, Admr.* 23 Ala. 307, seem to indicate that under such facts, the further fact that the debt claimed in the original suit was due, may be shown in defense of an action of assumpsit brought for the money paid. This view, however, is inconsistent with other authorities. In *Carson's Admr. v. Suggett's, Admr.*, 34 Mo. 364, which case was in the main like the present, the decision is expressed in the head note as follows: "Where the judgment of the inferior court is reversed by the Supreme Court, the plaintiff in error or the appellant, is to be restored to all that he has lost by the original judgment, and this without any reference to the rights of the plaintiff in the original suit. Where the plaintiff, after the reversal of the judgment in his favor, voluntarily dismissed his suit, and the defendant sued for restoration of what he had lost by the judgment, an answer setting up the original claim of the plaintiff was properly stricken out." In *Bickett v. Garner*, 31 Ohio State, 28, it was held in an action on a restitution bond for money paid on a judgment afterwards reversed, that the claim on which the original action was brought could not be made available as an offset by dismissing the original cause of action or otherwise. Many authorities by making general affirmation of the right to restitution indicate that such right is absolute. See *Ex parte Walter Brothers*, 89 Ala. 237; *Marks v. Cowles*, 61 Ala. 299; Freeman on Judgments, §§ 481, 482; Freeman on Executions, § 347; *Bank of U. S. v. Washington*, 6 Peters, 8; *Ranck v. Becker*, 13 Serg. & R. 41; *Clark v. Pinney*, 6 Cowan 297; *McJilton v. Love*, 13 Ill. 486; *Reynolds v. Hosmer*, 45 Cal. 616; *Fish v. Toner*, 40 Minn. 211; 41 N. W. Rep. 972.

In *Ex parte Walter Brothers, supra*, the question arose in the chancery court which had undoubted jurisdiction to determine it on equitable principles; and this court said with reference to a party who had enforced the col-

lection of money on a decree thereafter reversed: "He had no right to the money involved in the litigation in contemplation of law until there should be a correct determination of the matters in dispute, however clear his rights may have been in point of fact. He, therefore, proceeds with the cause having an undue advantage of his adversary and is in fact in the attitude of having joined what he claimed before his right to it had or could have been determined. We entertain no doubt, therefore, of the absolute right to have restitution made on the one hand and the absolute correlative duty to make restitution on the other, wholly regardless of considerations looking to the final equities of the parties."

We adopt this latter expression as applicable to this case and accordingly hold that the existence of the debt claimed by Fields in the suit he dismissed is not a defense to this suit, and this without regard to the merit of the suit, or to the question discussed by counsel of whether the dismissal operated as a *retraxit.*

To the extent that it accepted the benefit of the execution defendant must be held to have ratified the act of Fields' attorneys in enforcing the same though it may not have otherwise participated in the enforcement of the judgment. As assignees of the judgment it is in no better situation to defend than Fields would have been had he recovered the money and been sued therefor.— Freeman on Judgments, § 483; *Reynolds v. Hosmer, supra; McJilton v. Love, supra.*

The judgment of the circuit court will be reversed and one will be here entered for the amount collected by defendant out of the money paid by plaintiff on the execution, viz., $4,000.00, with interest thereon from the 13th day of November, 1894; that being the time when the right to restitution accrued by the reversal of the judgment. See as to the time of such accrual *Crocker v. Clements, supra.*

Reversed and rendered.