# Carroll *v.* Draughon, *et al.*

*Bill to Set Aside a Judicial Sale, for an Accounting for Rents and Profits, and to Declare a Lien.*

(Decided Feb. 13, 1908.   45 South. 919.)

1. *Equity; Jurisdictions; Persons Entitled to Relief.*—A court of equity has no jurisdiction to declare a lien on premises in favor of a person not a party to the suit.

2. *Attorney and Client; Lien for Compensation, Extent.*—Although an attorney at law may have a lien upon a judgment or decree obtained for a client the lien does not extend to land or other like property, the subject of the litigation, which may have been so recovered.

3. *Judicial Sale; Action to Set Aside; Pleading; Title of Complainant; Ascertainment.*—The ascertainment necessary to vest the title in the widow in the homestead of the deceased husband upon the insolvency of the estate is a judicial ascertainment, and a bill to set aside a judicial sale of land deeded to complainant by his deceased wife, which alleges that no administration was had on the estate of the former husband of the wife, but that the wife after complainant's marriage to her, had the land set off to her from her former husband's estate, as a homestead, by commissioners appointed by the probate court, and that the report of the commissioners showed that the estate was insolvent; but which contained no averment that the land so set apart constituted all the real property owned in this state by the deceased husband, or that the homestead was at the time less in value than the amount exempted by law, was insufficient

[Carroll v. Draughon, et al.]

in averment to show insolvency under section 2039, Code 1896, and did not show a fee in the wife in the land, but at most only a life estate in the wife, which left complainant without any interest in the land·at her death.  Such bill was insufficient also to show an absolute title in the wife under the provision of section 2071, or 2097, or 2100, Code 1896.

APPEAL from Geneva Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by D. S. Carroll against J. W. Draughon and others for an accounting and to set aside a judicial sale. Decree for respondents on demurrer to bill, and complainant appeals.  Affirmed.

The original bill avers that D. S. Carroll was in February, 1901, united in marriage to Ophelia A. Peacock, who was the widow of Delaware W. Peacock, who died intestate April 4, 1894, leaving surviving him his widow and two children, Emma and Chal D. Peacock, both of whom were under the age of 14 at the time of his death; that there was no administration on the estate of Delaware Peacock, but his widow remained in possession of a homestead of 150 acres of land, and out of the proceeds of the land maintained and supported herself and children until the month of October, 1901; that, after her marriage to complainant, by petition to the probate court of Geneva county, she had set aside to her by commissioners appointed by said court the said homestead, which is described in the bill; that the petition was made in behalf of herself and her then minor child Chal D. Peacock, Emma Peacock having at that time become of age, married one Adams, abandoned the homestead, and moved to Texas; that just prior to her leaving the state, and after she had become of legal age, and after she had left the homestead, J. R. Faircloth and one B. T. Fulton, conceiving that she had an interest in said homestead, purchased of said Emma a half interest in said homestead for the insignificant sum of $225, and

for that reason resisted the application of complainant's wife, when she had the same set apart to her by said commissioners; that after the commissioners made their report, showing that at that time the estate was insolvent, and after they had set aside said homestead to said Ophelia Peacock (now Carroll), the said Fulton and Faircloth filed their bill in the chancery court of Geneva county against her and her minor child, Chal D. Peacock, praying, among other things, for a receiver to take charge of said homestead, and asking for an accounting by said Ophelia Carroll for the income and profits arising from said homestead and for a division of same after said accounting, claiming a one-third interest in the same. This bill was resisted, and no receiver was ever appointed. In the meantime Fulton, one of the complainants in the last-mentioned bill, died intestate, leaving surviving him a wife and children, when the present respondent J. W. Draughon, as next friend of the children of said Fulton, was made a party complainant, and with J. R. Faircloth prosecuted an appeal from the decision of the chancellor in sustaining a demurrer to their bill, and forced the respondent Ophelia Carroll to employ counsel to further defend against the appeal, which resulted in a reversal of the chancellor's decree. Respondents Ophelia Carroll and Chal D. Peacock then filed their answer, denying the insolvency of the estate of Delaware Peacock, as alleged, at the time of his death, and after proof was taken under this issue the chancellor decreed against the respondents, who appealed from the decree to the Supreme Court, giving bond only for the cost of the appeal; they being unable to execute a supersedeas bond. However, respondents protested against the order to sell the homestead until the case was finally disposed of on appeal; but the said respondent Draughon was anxious to possess himself of

[Carroll v. Draughon, et al.]

the said homestead, which was adjacent to and partly in the growing town of Hartford, where he resided at that time, and against the protest of this complainant, who was exercising himself in behalf of his wife, had a writ of possession issued, and had the sheriff to forcibly eject the wife of complainant, and, to add insult to injury, wrote a note to this complainant forbidding him or his wife or their tenants going on the land; and complainant avers that as soon as possible the respondent Draughon had thus possessed himself of this homestead, he having been the purchaser at the sale at a price not half the value, because of the refusal of competitors to bid on land they knew was involved in litigation and which was then pending in the Supreme Court. It is then averred that, after the cause was submitted to the Supreme Court, it went into the hands of the late Chief Justice, and by reason of his protracted illness, which resulted in his death, the opinion was not rendered until after he was dead. This long delay was burdensome to complainant's wife, who was unable to pay an attorney through all this litigation, except upon a contingency which came higher to her. Besides she was losing the proceeds arising from her homestead, and it was being cleared up, and the timber being taken off the land, which was available and worth more in town residence and business lots. All this was against her protest. Complainant avers that his wife was dispossessed of this homestead forcibly in January, 1905, and in April, 1906, the Supreme Court of Alabama reversed the decree of the chancellor and dismissed the bill, and in June, 1906, refused the motion of said complainants Faircloth and others to modify said decree; that immediately thereupon said Ophelia Carroll made demand on respondents Draughon and Rooney for the possession of her homestead, which they had had the possession of since January, 1905, and

28 R

on their refusal brought unlawful detainer for these lands, which the defendants carried to the circuit court under the provisions of the Code, which allowed them to contest the title to the lands. The circuit court held that it was necessary for Ophelia Carroll to have the order of sale made by the chancery court set aside before she could proceed with her suit, and the case was dismissed at the cost of Ophelia Carroll. Thereupon she filed her petition and bill in the chancery court, praying, among other things, for an accounting with the respondents Draughon and Rooney for the timber they had removed off the land while in their possession, for the use of the same, and that the same be restored to her possession. Pending the hearing of this cause the wife of this complainant died, leaving to this complainant a life interest to all the rights she had in said homestead, together with all the moneys expended by him for her in the defense of said litigation. Besides, as a better protection to complainant for the money and trouble paid by him in said litigation, together with other means necessary for her sustenance which he had advanced she, the said Ophelia Carroll did on the 3d day of August, 1906, execute and deliver to complainant all her right, title, and interest she had in same, that he might hold it both for her and himself as a home, a copy of which is hereto appended, marked "Exhibit A," and asked to be made a part of this bill. Complainant then avers that he is informed, and he alleges, that Chal D. Peacock had been induced for the sum of $1,000 to sell to respondent Draughon all interest, if any, he had in said homestead, and that he, said Draughon, and Rooney were still in the possession of said homestead, holding under the sale made by order of the chancellor under the prayer of the bill which had been dismissed out of the court, leaving every act done under the order of the chancellor un-

[Carroll v. Draughon, et al.]

der the prayer of said bill functus officio and of no avail. It is further alleged that complainant's deceased wife, in defending against the efforts of Draughon and others, had of necessity to employ counsel or lose it all, and, not having the means with which to pay the fee, she had promised the sum of $1,300 to R. H. Walker, provided he defeated said suit, and in case of his failure it would be out of her power to pay anything, except a small retainer's fee, which she paid him at the commencement of the suit; and complainant avers that her said attorney, R. H. Walker, has been successful, after the case was twice fought through the Supreme Court, in defeating the bill and getting the same thrown entirely out of court, and has brought detainer, etc.; that these charges promised by her are a proper charge against said homestead; that after the death of Ophelia Carroll complainant should be entitled by his marital right to succeed to a life estate in whatever right she had to said homestead; that, if she was entitled to the possession before and at the time of her death, then by virtue of his legal right under the marriage and by virtue of his deed he is entitled to the possession of the same, and that the charge of R .H. Walker as attorney to the extent of $1,300 is a proper charge against said homestead, the property being now well worth, even after being stripped of its timber, $7,500; that Walker's charge is also a proper charge against the rents, income, and profits arising from the estate during all the time it has been in possession of these respondents. It is then averred that neither the complainant nor his wife knew of the price for which the homestead was sold to respondent, but on information charges that it was sold for an ignominious and ridiculously small amount, no part of which had ever been tendered to complainant's wife, to complainant, or the guardian of Chal D. Peacock. The prayer is for an

[Carroll v. Draughon, et al.]

accounting for the value of the timber removed, the damages resulting from the removal of the timber, and for the rents, incomes, and profits arising from the estate pending the possession by respondent; to order, cancel, and declare void the sale of the land heretofore made by order of the chancellor; to restore complainant the possession of the homestead; for an order to pay over to complainant all such damages, rents, income, and profits found to be due; and to declare a lien on the homestead in favor of said Walker for services rendered.

Demurrers were interposed to the bill for multifariousness, because it seeks to charge said lands with a lien in favor of Walker, and also seeks to set aside a sale previously made, and because Walker is not a party to the suit; that the bill fails to show whether Carroll has an interest in the land under his rights as husband, or a legal title by virtue of his deed, and that said Carroll fails to show such an interest in the land as would authorize him to have the sale set aside; that the bill shows that the children of Fulton had an interest in the land, and they are not made parties to the suit. To that part of the bill which alleges a lien in favor of Walker a demurrer was interposed because an attorney has no lien upon land for services rendered with respect of them, and this court has no power to order the land sold for such purpose. To that portion of the bill which seeks to hold respondents accountable for rents, profits, etc., demurrers were interposed that the complainant is not entitled to the rents, income, and profits which accrued during the life of his wife, and that the administrator alone can recover such rents, income, and profits. These demurrers being sustained, the complainant amended his bill by striking out the prayer for a lien to be declared in favor of R. H. Walker and for a sale to satisfy said lien, and eliminating altogether that feature of the bill.

[Carroll v. Draughon, et al.]

After amendment demurrers were refiled to the bill, setting up that the bill showed that the wife owned only a life estate, and showed on its face that she was dead, and, further, that the interest owned by the two children had been conveyed by this respondent; that the bill showed that there was no administration on the estate, and that, therefore, no decree declaring said estate insolvent could have been legally rendered; it fails to show that the complainant has either a legal title to any portion of the land, or an estate for years, or the right of the possession thereof, or any portion thereof; and it shows that complainant has no interest whatever in the subject-matter of this litigation. The chancellor sustained the demurrers, both to the original and the amended bill, and from these decrees this appeal is prosecuted.

R. H. WALKER, for appellant. Counsel discuss the two assignments of error relied upon, but without citation of authority.

W. O. MULKEY, for appellee. Under the familiar rule that pleadings are construed most strongly against the pleader, it is evident that the bill discloses that appellant has no interest in the lands. There can be no vestiture of title in the widow under section 2069, Code 1896, until there has been an administration and judicial ascertainment of insolvency.—*O'Daniel v. Gainor*, 43 South. 206. Title could not vest in the widow under section 2071, Code 1896, unless the property was all the real estate owned by deceased at the date of his death, so if the widow acquired any title, it was under section 2097, et seq., and as the bill does not set forth the contents of the petition, the court cannot know that the judge of probate had jurisdiction to appoint the commission.—*Brooks v. John*, 119 Ala. 412.

DENSON, J.—This bill is exhibited by D. S. Carroll against J. W. Draughon, John E. Rooney, and J. R. Faircloth. The purpose of the bill is to have set aside a sale of the lands described in the bill; to require the respondents to account for rents and profits, and for timber converted by them; to have complainant placed in possession of the lands; and to have a lien on the lands declared in favor of R. H. Walker, for services rendered as an attorney in having the lands set apart to complainant's deceased wife as the widow of Delaware Peacock, deceased. A demurrer to the bill was sustained by the chancellor, in a decree enrolled September 2, 1907. The bill was then amended by complainant to cure the defects pointed out by the grounds of the demurrer, which were sustained. Thereupon the respondents demurred to the bill as amended, assigning several grounds for the demurrer. The chancellor, in a decree enrolled September 20, 1907, sustained the demurrer, and from the two decrees the complainant prosecutes this appeal, and assigns for error each of said decrees.

R. H. Walker, is not a party to the bill, and, assuming that a lien existed in his favor for services rendered, as averred in the bill, the court could not render a decree declaring such lien in his favor. But on the facts averred in the bill, even if Walker were a party, no lien is shown in his favor. While an attorney at law may have a lien upon a judgment or decree obtained for a client, such lien does not extend to land or other like property, the subject of the litigation and recovered for the client. —3 Brick. Dig. p. 64, § 39. Therefore the decree of September 2, 1907, is without error.

The demurrer to the amended bill raises the inquiry: Does complainant show by the averments of the bill that he is possessed of such an interest in the land as will sup-

port the bill and authorize the relief? As has been previously observed, complainant's wife, at the time he married her, was the widow of Delaware Peacock, deceased. Peacock died intestate April 4, 1894, leaving surviving him his widow, Ophelia A., and two minor children under 14 years of age. The bill shows that no administration was had on the estate of Peacock, and that the widow, Ophelia A., remained in possession of the homestead of 160 acres of land in Geneva county, and in the months of October and November, 1901, after her marriage to complainant, by petition to the probate court of Geneva county, she "had set aside to her by commissioners appointed by the probate court under sections 2069, 2097, 2098 of the Code of 1896 of Alabama, the said homestead; * * * it being the same homestead upon which they were living when her husband, Delaware Peacock, died." The foregoing averments are embraced in the third section of the bill, and in the fourth section it is averred that the report of the commissioners showed that the estate was insolvent.

Unless it is ascertained that the estate is insolvent, the widow takes, under section 2069 of the Code, only a life estate in the homestead set apart. If the estate is ascertained to be insolvent, then the absolute fee vests in her. It is well established by the decisions of this court that the ascertainment necessary is a judicial ascertainment. —*O'Daniel v. Gaynor*, 150 Ala. 205, 43 South. 205, and cases there cited. A judicial ascertainment of insolvency is not only not averred here, but the averment that there is no administration on the estate of Peacock negatives the idea that there was such an ascertainment. So that the averments of the bill in respect to the setting apart of the homestead under section 2069 cannot avail to show that the widow became invested with the fee in the homestead.

There is lack of averment in the bill that the lands set apart as the homestead constituted all the real estate owned in this state by the deceased husband at the time of his death, or that the homestead was at the time less in value than the amount exempted by law. Consequently the bill fails to make a case in which the absolute estate vested in the widow under either section 2071, 2097, or 2100 of the Code of 1896.—*Brooks v. Johns, Adm'r,* 119 Ala. 412, 24 South. 345.

Construing the averments of the bill most strongly against the complainant, his wife took only a life estate in the homestead, and her deed to him conveyed only that interest, and, of consequence, his interest ceased upon her death.

The decrees of the chancellor are affirmed.

Affirmed.

TYSON, C. J., and HARALSON and ANDERSON, JJ., concur.