# Lehman-Durr Company *v.* Folmar, *et al.*

### *Bill to Set Aside Fraudulent Conveyance.*

(Decided Nov. 28, 1909.    Rehearing denied Feb. 26, 1910.
51 South. 954.)

1. *Appeal and Error; Decisions Reviewable; Decree.*—A decree restoring to a party land of which he had been deprived by a decree which was reversed is such a final decree under section 2837, Code 1907, as will support an appeal.

2. *Same; Effect of Judgment or Decree Restoring Property.*—A judgment or decree restoring property obtained under a judgment which has been reversed does not necessarily finally determine the rights of the parties to the property restored.

3. *Restitution; Scope of Relief.*—A party entitled to have lands restored to him, of which he had been deprived by a decree which was subsequently reversed is entitled to the rents received with interest thereon during the time they were wrongfully withheld without any allowance to the wrongdoer of compensation for services in the management thereof.

4. *Same; Nature of Remedy.*—Restitution of property obtained under a decree which has been reversed is for the purpose of restoring to the proper party his own or its equivalent as near as may be, of which he has been deprived by an erroneous judgment, and the decree of restitution may be a part of the order reversing the erroneous judgment or a separate judgment based on the reversal.

APPEAL from Montgomery Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by Lehman-Durr Company against George A. Folmar and others to set aside a fraudulent conveyance and cross bill in the nature of set-off. See also 154 Ala. 480, 45 South. 289. From a decree for respondents complainants appeal. Affirmed.

J. M. CHILTON, for appellant. There is no question about the right of appeal in a decree of this character.— 18 Enc. P. & P. 896; *Bridgeport I. Co. v. Bridgeport L. Co.,* 104 Ala. 281; *Thornton v. R. R. Co.,* 94 Ala. 354; *R. R. Co. v. Sibert,* 97 Ala. 393; *Malone's Case,* 84 Ala.

[Lehman-Durr Company v. Folmar, et al.]

489; *Walker's Case,* 70 Ala. 571; *Jones v. Wilson,* 54 Ala. 50. Folmar was not entitled to rents or profits.— *White v. St. Guirons, Minor* 331; *Avent v. Reid,* 2 Port. 480; *Cummings v. McGehee,* 9 Port. 349; 18 Encq. P. & P. 884; 65 Ark. 553; 3 N. Y. 327. This proceeding is not the only one by which property can be restored.— *Burdine v. Roper,* 7 Ala. 466; *Duprey v. Robuck,* 7 Ala. 484; *Stewart v. Conner,* 9 Ala. 803; *Williams v. Simmons,* 22 Ala. 426. If liable at all, appellant should have been allowed credit for the expenses resonably incurred in looking after the property. Interest as a general rule is not recoverable for deprivation of use of property.—*Chulte v. L. & N.,* 108 S. W. 941; *Ragland v. Wood,* 71 Ala. 145; *Gresham v. Ware,* 79 Ala. 192; 27 Cyc. 1845.

GUNTER & GUNTER, for appellee. There is no final decree in the cause and the appeal should be dismissed. The proceeding of restitution is strictly a matter within the original lis pendens: it is an imperative right.—*Ex parte Walter Bros.,* 89 Ala. 237; *Marks v. Cowles,* 61 Ala. 299. The court properly allowed interest and refused to allow commissions for looking after the property.—*Adams v. Sayre,* 76 Ala.; *Marks v. Cowles, supra.*

MAYFIELD, J.—The case on appeal is thus correctly and succinctly stated by counsel for appellant:

"Lehman-Durr Company filed a bill to set aside a fraudulent conveyance executed by Folmar to his children. There was a final decree in favor of the complainant, and the property alleged to have been fraudulently conveyed was put up for sale under the decree. George A. Folmar filed a cross-bill in the main cause, in which he alleged that, when he executed the notes on

which the suit was founded, to Lehman-Durr Company, the latter had agreed to transfer to him all the collaterals which it had held for a certain debt, and amongst those collaterals was a note for a large sum, which they had not surrendered. He prayed an offset of the amount of this note. There was a demurrer to the cross-bill, which was sustained by the chancellor, and it was dismissed. This court held that the lower court erred in dismissing the cross-bill, and reversed the case. After the reversal, George A. Folmar made a motion in the court below, praying that Lehman-Durr Company be compelled to restore the lands, and to account for the rents thereof pending the time possession of the same had been detained under said purchase (Record, pp. 33, 34). There was a demurrer to the petition (Record, pp. 35, 36). The chancellor sustained the demurrer, but made a decretal order of reference. Lehman-Durr Company appealed to this court, and the appeal was dismissed (154 Ala. 480, 45 South. 289) on the ground that the order of reference was merely interlocutory, and that, until it had ripened into a decree for money, an appeal could not be taken from it.

"After the dismissal of the appeal, the register proceeded to hold the reference. The lands had already been delivered up pursuant to a notice from the solicitors of Lehman-Durr Company to the solicitors for said Folmar (Record, pp. 41, 42), so that the question before the register was simply one of rents and profits for which Lehman-Durr Company should account during the period of its possession. In the decree of reference (Record, p. 37) the chancellor held that the rule applying on an accounting by and between mortgagor and mortgagee, after default and before foreclosure, as to the liability of the mortgagee to acccount for rents and profits, does not apply. The mortgagee is regarded

as a trustee and must use due diligence in renting the
property. Here there is no such relation, and the
court merely gives back to the petitioners what has
been received from them, and not such as might have
been received under certain conditions. The court then
rendered a decree sustaining the demurrers to the peti-
tion of Folmar and his associate respondents (who had
joined in the same amendment) ; but, notwithstanding
the fact that it sustained the demurrers, it proceeded to
render a decree directing the register to state an ac-
count, in which he should ascertain, and report:   (1)
What rents and profits had been received by the com-
plainants, of the property and of each parcel separ-
ately, and when so received separately;  (2) what taxes
had been paid out by the complainants on the lands and
on each parcel separately, and when paid; and (3) what
repairs had been made on the property, and when made,
and the nature of the same, toegther with the condition
of the repairs (Record, pp. 37, 38).

"The register held the reference as required, and
stated the account, and reported a balance owing by
Lehman-Durr Company of $994.97 (see page 53).  On
the reference Lehman-Durr Company filed a statement
showing the amount of rents collected and when col-
lected, and the taxes paid.  They also claimed credit
for certain expenses in the way of commissions charged
by one Sentell, for renting out the property and col-
lecting the rents.  There was an agreement of counsel
(shown on page 44 of the Record) that the place of
business of Lehman-Durr Company was in the city of
Montgomery, Ala.; that the lands sold were situated
in Crenshaw county, Ala., where the plaintiff had no
representative; that, after the lands were bought under
the decree, plaintiff employed Sentell, who resided near
the land, and who was a competent man for that pur-

pose, to find tenants for the land and collect the rents; that Sentell performed this service and charged 10 per cent. commissions on the rents collected therefrom; that the charge was a reasonable charge for the service; and that Lehman-Durr Company paid the commissions to him as stated in the account. The account, itself, rendered by Lehman-Durr Company, was attached as Exhibit A to the report, and appears on pages 47-50 of the Record. The register allowed these commissions paid to Sentell, and calculated the interest on the balance, refusing to make annual rests in the calculation of the interest. Folmar excepted to the report of the register, on these two grounds, and the chancellor sustained the exception, reversed the register, and proceeded to render such decree as should have been rendered on the evidence before the register, decreeing that Lehman-Durr Company pay to Folmar the sum of $994.97. This was nearly $300 more than the register ascertained to be due, as shown by this report (Record, p. 50). The chancellor, in overruling the register, proceeded to calculate the interest on the yearly rents, after giving credit for the taxes, and refused to allow any of the commission paid."

The decree appealed from in this case is final in such sense as to support an appeal under section 2837 (426) of the Code.—Black on Judgments, vol. 1 (2d Ed.) § 41; *Walker v. Crawford*, 70 Ala. 567.

We find no reversible error in the decree of the chancellor appealed from, ordering Lehman-Durr Company to pay over to the defendants the sum of $994.97. This appears to have been the amount of the rents, with the interest thereon, received from the lands during the time they were wrongfully held by Lehman-Durr Company, and for which restitution was made by the decree. Rents are incident to the lands, and follow them; in-

terest is incident to the principal, and follows it. The decree of restitution rendered only restored that which was wrongfully acquired (certainly wrongful, so far as concerns this appeal). It only made Folmar whole— only gave him that which he would have had but for the wrongful holding. It only restored the land taken and held, and its incidents.

Lehman-Durr Company's acts being wrongful, it was properly denied compensation for services in its wrongful assumption of control and management of Folmar's land. Certainly this must be considered to be the attitude and condition of the parties so far as this appeal is concerned.

Restitution, such as this, is a remedy, the purpose of which is to restore to an appellee his own or its equivalent, as near as may be, of which he has been deprived by an erroneous judgment which is reversed. A decree of restitution is intended to restore to the aggrieved party that which he lost in consequence of the erroneous judgment reversed. It may be a part of the reversed judgment, or it may be a separate judgment based on the one of reversal.

A judgment or decree of restitution, such as the one here appealed from, does not necessarily finally determine the rights of the parties to the subject-matter restored. It may or may not do so, depending, of course, upon the judgment or decree of reversal. The decree of restitution itself, aside from the decree of reversal, does not undertake to determine the rights of the parties to the subject-matter, further than to restore the parties to the condition in which they would have been, but for the erroneous judgment or decree which is reveresd.—*Ex parte Walter Bros.*, 89 Ala. 237, 7 South. 400; *Wright v. Hurt*, 92 Ala. 591, 9 South. 386; *West v. Hayes*, 120 Ala. 98, 23 South. 727, 74 Am. St. Rep.

[Powell v. Commissioners' Court of Madison County.]

24; *Smith v. Gayle,* 58 Ala. 600.   See, also *Quan Wo Chung Co. v. Laumeister,* 83 Cal. 384, 23 Pac. 320 17 Am. St. Rep. 264; *Haebler v. Myers,* 132 N. Y. 363, 30 N. E. 963, 15 L. R. A. 588, 28 Am. St. Rep. 589.

The decree of the chancellor is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and McCLELLAN. JJ., concur.