# Carroll *v.* Draughon.

*Bill for Restitution and for an Accounting.*

(Decided June 29, 1911.  56 South. 209.)

1. *Restitution; Appeal; Reversion.*—One who pays money or is dispossessed under a judgment afterwards reversed on appeal, is entitled to restitution as a general thing.

2. *Same; Enforcement.*—The right to restitution, upon reversal of the judgment under which money was paid, or possession taken, may be enforced by provision in the judgment on appeal, or by motion in the trial court.

3. *Same; Restitution.*—Where it appears that it was finally determined in another suit that a person had no interest in the land, such person was not entitled to restitution of land of which he was dispossed, under a sale in partition, although the decree was reversed and the suit dismissed on appeal.

APPEAL from Geneva Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by D. S. Carroll, as administrator, against J. W. Draughon for restitution, and for an accounting for rents and profits. From a decree dismissing the bill complainant appeals. Affirmed.

R. H. WALKER, for appellant. The application to have the land set apart to the widow as a homestead does not estop her or her vendee to seek the redress here sought.—*Faircloth et al. v. Carroll,* 137 Ala. 243. She was left in possession in her own right, and by no act of the husband and hence, her possession was notice of her claim.—*McLeod v. Bishop,* 110 Ala. 645. The

[Carroll v. Draughon.]

several declarations of her husband and herself while in possession were admissible in evidence.—*Goodbar v. Daniel,* 88 Ala. 583; *Dyces' Case,* 88 Ala. 225. It was the homestead, and hence not subject to alienation.— *McGuire v. Van Pelt,* 55 Ala. 344. The action taken by the wife in the probate court cannot affect her title or claim.—*Tyler v. Jewett,* 82 Ala. 93; *Winston v. Hodges,* 102 Ala. 304; *Marks v. Wilson,* 115 Ala. 563.

W. O. MULKEY, for appellee. There is no specific prayer to declare or establish a resulting trust, nor is there prayer for general relief. Hence, that relief cannot be granted.—*Patterson v. Bragg,* 95 Ala. 58; 58 Ala. 221; 5 Port. 9; Sec. 3094, Code 1907. Under the revised statute, the alleged sale by Kelly was void and conferred no rights whatever on the purchaser, and could not have the effect of stamping the land with any trust in favor of the person furnishing the money for that purpose.—*Cox v. Donnelly,* 34 Ark. 762. Under the facts in this case, if the money was furnished by the wife, the presumption is that it was furnished as an advancement, and no presumption of trust arises.— *Hatton v. Landman,* 28 Ala. 135; *Long v King,* 117 Ala. 423. The idea of a trust is barred by the doctrine of laches and the statute of limitation.—*Bracken v. Newman,* 121 Ala. 311; *Martin v. Kelly,* 132 Ala. 201. No knowledge on the part of the purchaser of the existence of the trust is shown, and it is shown that they paid value for the land.—*Walker v. Elledge,* 65 Ala. 51; 71 Ala. 220. There is no reason why the administrator of Mrs. Carroll should be restored to the possession of the land involved in this suit as the administrator is not shown to have been deprived of anything to be restored. —3 Cyc. 462; *Ex parte Weldon,* 148 Ala. 430; *Crocker v. Clemmons,* 29 Ala. 296.

SOMERVILLE, J.—In a former proceeding in the chancery court at Geneva, the respondents herein procured a sale of certain land for division among tenants in common, they claiming a one-third interest, and alleging that the respondents therein—Ophelia Carroll and her minor child, Chaldee Peacock—owned the other two-thirds. At this sale respondents herein purchased said land, received a deed, and were put in possession under a writ issued by said court, ousting therefrom said Ophelia Carroll and Chaldee Peacock. These two parties had in the meantime appealed from the chancery decree under which said sale was had, but without superseding same, and the Supreme Court reversed said decree and dismissed the bill of complaint without prejudice. See *Carroll v. Fulton,* 41 South. 741. Shortly afterwards the complainants in that suit acquired by purchase the interest of Chaldee Peacock. After said reversal by the Supreme Court, Ophelia Carroll died, and, claiming title to the land by deed from her, D. S. Carroll, her surviving husband, filed his bill against these respondents for restitution to possession and an accounting for mesne profits, including also a prayer to set aside said partition sale. On demurrer the bill was held to show no right to relief, and on appeal this ruling was affirmed. See *Carroll v. Draughon,* 154 Ala. 430, 45 South. 919. Said Carroll, having qualified as administrator of his said wife's estate, now files the present bill, as such administrator, against the same respondent, praying that restitution of said land be made to the estate of Ophelia Carroll, through himself as administrator, and that an account be taken and decree rendered against respondents ·for rents, profits, and waste. Simultaneously. he filed a bill in his own right against these same respondents setting up an alleged title in himself through his said wife, and seeking

to quiet his title as against the claim of these respondents. The chancellor heard and determined the latter cause first, and rendered a final decree that complainant was not entitled to relief, and that his bill be dismissed. On appeal to this court, the decree of the chancellor has been affirmed. See *Carroll v. Draughon et al. Infra* 56 South. 207. He then proceeded to hear the instant cause; and, holding that restitution, though usually a matter of right upon the reversal of a judgment, may in exceptional cases be refused, rendered a final decree denying the relief prayed for, and dismissing the bill of complaint.

It must be regarded as the settled law of this state that a party who pays money, or is dispossessed of property by process on a judgment or decree afterwards reversed on appeal is in general entitled as of right to restitution of the money paid or the property taken, so as to be placed in statu quo with respect to his rights and advantages previous to the erroneous judgment.— *Marks v. Cowles*, 61 Ala. 299; *Ex parte Walter Bros.*, 89 Ala. 237, 7 South. 400, 18 Am. St. Rep. 103; *Florence C. & I. Co. v. Louisville Banking Co.*, 138 Ala. 588, 36 South. 456, 100 Am. St. Rep. 50; *Lehman-Durr Co. v. Folmar*, 166 Ala. 325, 51 South. 954.

The right may be enforced by the incorporation of an appropriate order in the judgment or decree of reversal. —*Marks v. Cowles, supra; Lehman-Durr Co. v. Folmar, supra;* or summarily by motion in the trial court (*Ex parte Walker Bros., supra; Cowden v. London, etc., Bank*, 96 Am. St. Rep. 142, note); or by supplemental bill of review, if in equity.—*McCall v. McCurdy*, 69 Ala. 71; or, if by a distinct, independent action *Haebler v. Myers*, 132 N. Y. 363, 30 N. E. 963, 15 L. R. A. 588, 28 Am. St. Rep. 589; *Cowdery v. London, etc., Bank, supra*, 96 Am. St. Rep., note p. 143. As the result, appar-

ently, of these different modes of securing restitutional relief, conflicting views have found their way into the decisions of this court as to the nature of the right of restitution—that is, whether it is an absolute right enforceable in every case as a matter of course, or whether considerations of equity or practical inconvenience may in particular cases justify its denial. ·

In the case of *Duncan v. Ware's Ex'rs*, 5 Stew. & P. 119, 24 Am. Dec. 772, it was said: "By a judgment which was irregular, and for that reason reversed, the amount of a debt, justly due, was recovered and paid to the decedent. In this situation he was not authorized to renew (prosecute?) his suit; his debt was paid, and if Lawrence & Co. were permitted to recover against him, would it not place him in a worse situation than if the money had not been collected? He must wait until they recover from him, before he sues them; or, without suit, he must refund to them money to which he is justly entitled, and which they owe him, that he may be authorized to institute a suit against them, and recover the same money back again. This cannot be tolerated. If an irregular judgment has been obtained, and the money recovered, for a debt justly due, proof that the debt was due affords a good defense in an action of assumpsit brought to recover the money back."

This decision was afterwards followed or approved in *Dupuy v. Roebuck*, 7 Ala. 484; *Stewart v. Conner*, 9 Ala. 803; *Ewing v. Peck*, 26 Ala. 413; *Crocker v. Clements' Adm'r*, 23 Ala. 307—all of which were actions in general assumpsit. These cases were seemingly criticized in *Florence C. & I. Co. v. Louisville Banking Co.*, 138 Ala. 592, 36 South. 456, 100 Am. St. Rep. 50, as being inconsistent with other authorities, but were not overruled.

In *Traun v. Keiffer*, 31 Ala. 136, Keiffer had recovered a judgment on verdict in detinue for eight slaves, and had coerced satisfaction under process issued thereon, receiving from the defendant four slaves and the alternate value of the others in money. The judgment was afterwards reversed and the cause remanded, and, when the case was again called for trial, the defendant moved the court that the plaintiff be required, before the trial proceeded, to place him in statu quo by refunding the money and restoring the slaves to him, or at least to bring them into court pending the suit. The motion was overruled, and on appeal this court said: "The defendant's motion * * * was properly overruled. * * * Here the defendant has obtained a reversal of the judgment, and he may fully protect himself by pleading in an appropriate manner the facts upon which his motion is predicated. If the property and money belong to the plaintiff, it would be extremely unjust to compel the restoration of them to the wrongful possession of the defendant. Whether they belong to the plaintiff or defendant can only be judicially ascertained upon the trial of the case." No authorities are cited, and the controlling factor undoubtedly was that the motion for restitution was not made until the case was called for trial, and was about to be determined on its merits.

In *Ex parte Walter Brothers*, 89 Ala. 237, 7 South. 400, 18 Am. St. Rep. 103, the most extreme view is entertained and declared, the court saying per McClellan, J.: "We can conceive of no case in which a party, who pays money on a decree which is subsequently reversed, is not entitled to have restitution of what he had paid, and to be thus reinstated in the position and to all the rights he had prior to the erroneous decree. * * * He (the plaintiff) had no right to the money involved

in the litigation, in contemplation of law, until there should be a correct determination of the matters involved in dispute, however clear his rights may have been in point of fact.  *  *  *  We entertain no doubt, therefore, of the absolute right to have restitution made on the one hand, and the absolute correlative duty to make restitution on the other, wholly regardless of considerations looking to the final equities of the parties. *  *  *  The facts which constitute the only predicate for such an order (of restitution)—a decree, payment under it, and its reversal—are a part of the cause itself. There can be no mistake or dispute about them.  On them the order for restitution goes as a matter of course.  It does not involve the exercise of judicial functions.  There is no remedy for the refusal to grant the order, except mandamus."  The writ was granted to compel the chancellor to enter the appropriate order, but no authorities are cited or discussed.

In *Florence C. & I. Co. v. Louisville Banking Co.,* 138 Ala. 588, 36 South. 456, 100 Am. St. Rep. 50, the plaintiff had paid off a judgment recovered against him which was afterwards reversed on appeal; and, after remandment of the cause, the defendant—then plaintiff—dismissed the suit.  In assumpsit to recover back the money so paid, this court, per Sharpe, J., after disapproving the doctrine of *Duncan v. Ware's Ex'rs,* and other like cases, supra, at least partially approved the rule of "absolute right" declared in *Ex parte Walter Bros.,* and said: "We adopt this latter expression as applicable to this case, and accordingly hold that the existence of the debt claimed by Fields in the suit he dismissed is not a defense to this suit, and this without regard to the merit of the suit."

But in *Ex parte Wellden,* 148 Ala. 429, 42 South. 632, the case of *Traun v. Keiffer, supra,* is seemingly ap-

proved, and under the peculiar conditions shown—the suit being statutory detinue in which the defendant was protected against loss by the plaintiff's bond, and the mule sued for and taken having been sold by plaintiff to a third party—it was held that the petitioner did not show a clear legal right to the relief prayed for, and mandamus to the circuit judge was denied. After recognizing the general rule as expounded in previous cases, the court, per Denson, J., said: "In applying the doctrine, consideration must be given to the nature of the action in which the judgment reversed was rendered, the facts of the case, and the forum and procedure resorted to, to effectuate the right." This statement seems to be in accord with the rule announced in *McCall v. McCurdy,* 69 Ala. 70: "The restoration of parties to the plight and condition in which they were, at and prior to the rendition of an erroneous judgment or decree, and the restitution of all advantages the party obtaining it may have acquired by its enforcement, upon reversal, it is the spirit and policy of the law to promote and compel, when there are no facts or circumstances which may render restitution inequitable."

In the case of *Carroll v. Draughon,* 154 Ala. 430, 45 South. 919, heretofore referred to, the same Carroll now asking for restitution as the representative of his deceased wife's estate, there sought restitution as her successor in estate. And, although the bill showed that Ophelia Carroll had been ejected from these same premises by process issued under a reversed decree (the circumstances being identical with the instant case), it was ruled, on demurrer to the bill, that it showed no right to relief because, on its own showing, complainant's wife, Ophelia Carroll, had but a life estate in the land; and, she being dead, complainant's interest ceased upon her death. The effect of this decision, as we con-

strue it, is to recognize another exception to the rule of "absolute right."

We have thus fully, and perhaps tediously, reviewed the Alabama cases dealing with the right of restitution, not only to show the general state of the law, but more especially to illustrate the distinguishing features of the present case.

Here, before this petition was heard, the rights of the parties, and necessarily also of complainant's intestate, had been fully and distinctly adjudicated adversely to her and to complainant's claim, the decision being that Ophelia Carroll did not own any interest in the land. If possession of the land had been restored to complainant, with a decree for rents and profits, respondents could have immediately recovered them back in a separate action or actions. Such judicial juggling with the rights of parties would discredit the science of jurisprudence, and, indeed, would violate an ancient and salutary maxim of the law.—"Circuitus est evitandus."

We are of the opinion that the chancellor did not err in denying restitution to the complainant in this cause; and we further hold that the case of *Ex parte Walter Bros.*, 89 Ala. 237, 7 South. 400, 18 Am. St. Rep. 103, in so far as it declares that the right of restitution is absolute and invariable, and follows as of course in every case where there is a judgment, satisfaction, and reversal—is not in harmony with the general current of our decisions, and must in this respect, and to this extent, be overruled.

The decree of the chancery court is therefore affirmed.

Affirmed. All the Justices concur.